HARDY, Judge.
This is a suit in which plaintiffs, alleging ownership of the property involved, seek an injunction restraining, prohibiting and enjoining defendants, the Mayor and the Town of Mansura in Avoyelles Parish, from building a sidewalk upon said property or any part thereof. Defendants filed an exception of no cause of action; a plea of prescription of ten, twenty and thirty years; a rule to dissolve the temporary restraining order, and an exception of no right of action. The case was tried on the merits and there was judgment in favor of defendants rejecting the demands of plaintiffs and dismissing the suit. . From this judgment plaintiffs have appealed, suspen-sively and devolutively. Defendants have answered the appeal, praying for the af-firmance of the judgment.
The petition represents that the plaintiffs are the widow and sole heirs at law of Fereole Regard, Jr., deceased, and as such own in indivisión a certain lot of land situated in the Town of Mansura, Avoyelles Parish, Louisiana; that the Mayor and the municipal corporation of the Town of Mansura did on date of filing of the petition, March 25, 1953, demolish a fence of petitioners located along the eastern portion of the described lot of land; that the said defendants, in addition to the destruction of plaintiffs’ property had avowed the intention of building a sidewalk on a portion of the property described, despite the fact that no right nor easement therein had ever been legally acquired; that such action on the part of defendants constituted a trespass which would result in. irreparable damage to petitioners. Upon the basis of these material allegations plaintiffs prayed for an injunction.
Defendants filed the special pleas and exceptions above enumerated, which we find necessary to amplify for the purpose of determining the issues presented.
The exception of no cause of action contained two representations; first, that there were no supporting affidavits proving irreparable injury, and, second, that verification of the petition had not been signed by all the petitioners.
The plea of prescription represented that the petition on its face established the fact that plaintiffs’ cause of action had been extinguished by the prescription of ten, twenty and thirty years.
The rule to dissolve the temporary restraining order contained several specifications of alleged fatal defects. We do not deem it necessary to discuss this particular pleading in view of the fact that the temporary restraining order was permitted to expire without extension and the issue tendered by the motion had therefore become moot.
The exception of no right of action represented that one of the plaintiffs, Mrs. Elise Prevot Regard, who was the widow of Fereole Regard, Jr., deceased, had no interest in the property involved.
Upon the conclusion of trial the note of evidence set forth an agreement between counsel for the respective parties litigant that the case should be decided by the court on the special pleas and exceptions filed by defendants, upon which the defendants rested their case without otherwise answering to plaintiff’s petition.
The judge ad hoc rendered a written opinion in which he maintained the exception of no right of action as directed against Mrs. Elise Prevot Regard; overruled the pleas of prescription; maintained the exception of no cause of action, and recalled the rule to dismiss the temporary restraining order, for the reason that the same had expired.
We confess that we are somewhat confused by the pleadings, the rulings of the judge ad hoc, and the contentions now urged on appeal by counsel for defendants. Primarily this confusion is due to the fact that he learned judge ad hoc appears to have disregarded the points urged in the exception of no cause of action as filed by *629 defendants and proceeded to determine the matter on the issue of tacit dedication, which we do not find has been raised by the pleadings nor established by the eyidence.
.Before this court counsel for plaintiffs seriously urges that the holding of the district judge on the proposition of tacit dedication was unsupported by either the pleadings or the evidence and was therefore an issue not presented for adjudication.
Strangely enough the brief of counsel for defendants before this court contains no reference to the points which they specified in the exception of no cause of action, but vigorously addresses itself to the question of tacit dedication. We can only consider that the grounds for the exception of fto cause of action as stated therein, that is, lack of supporting affidavits añd failure of verification by all the petitioners, have been abandoned, but, in any event, we - find no' merit in either of these contentions.
As to the proposition of tacit dedication, we subscribe to the validity of the argument of counsel for plaintiffs. Nowhere in the record does it appear to us that- the principle of tacit dedication was tendered for consideration, and certainly it was hot asserted in support of the exception of no cause of action. For this reason we think the judge ad hoc was in error in predicating his conclusions upon a legal proposition which was not advanced for consideration.
We further think the judge erred in sustaining the exception of no right of action as against Mrs. Regard. While it appears that Mrs. Regard had no interest in the nature of ownership in the property involved, it is nonetheless equally evident that she was in possession of the property. Article 298 of the Code of Practice specifies the instances in which an injunction must be granted and directed against the defendant, and paragraph 3 of the said article reads as follows:
“When the defendant has commenced some building or some other works on a real estate, the ownership or possession of which is contested by the plaintiff * *
We think it clear that both the owners and possessors of the property were possessed of a right of action by way of in-junctive relief.
The pleas of prescription are clearly untenable and were properly overruled by thé judge ad hoc. In brief, counsel for defendants acknowledge the existence of jurisprudence to the effect that a municipality cannot acquire property by prescription. 'This principle was clearly enunciated, among other cases, in Town of Ruston v. Adams, 9 La.App. 618, 121 So. 661 (certiorari refused). The opinion emphasized the principle that the town could only have legally acquired property by one of three methods, expropriation, purchase or dedication.
While we think the above observation disposes of the case before us, we call attention, by way of making assurance more certain, to a pronouncement in the case of Bomar v. City of Baton Rouge, 162 La. 342, 110 So. 497. The opinion of the Supreme Court clearly stated that an absolute essential of dedication of property to public use was the positive intention of the owner, established by clear and satisfactory evidence.
For the reasons assigned the judgment appealed from is reversed and set aside and there, is now judgment in favor of plaintiffs, Mrs. Elise Prevot Regard, Mrs. Irma Josette Regard Cannon and Mrs. Elise Adrienne Regard LaHaye, and against the defendants, Jules Escude, May- or, and the Town of Mansura, a political corporation organized and existing under the laws of the State of Louisiana in the Parish of Avoyelles, forever restraining, enjoining1 and prohibiting the said defendants, their agents, employees, and all other persons acting or claiming to act in their behalf, from tearing down, destroying or demolishing any fence erected by plaintiffs, and from building or erecting any sidewalk on the property, or any part thereof, described as being:
*630 “A certain town lot situated in the Town of Mansura, Avoyelles Parish, Louisiana on the West side of and adjoining L’Eglise Street, which said lot is otherwise described as contained now or formerly within the following boundaries: North by St. Phillip Street, on the East by L’Eglise Street, on the South by Bayou Lacombe and Louisiana & Arkansas Railway Company and on the West by lands of Louis Prevot.”
It is further ordered, adjudged and decreed that defendants pay all costs of both courts.