WICKER, Judge.
The Parish of Jefferson sued Bonnabel Properties, Inc. and the heirs of Alfred Bonnabel (Bonnabel) to quiet title to certain alleyways. The judge granted summary judgment in the parish’s favor, and Bonna-bel has appealed. The issue is the ability of the parish to acquire property by adverse possession. We affirm.
Since there has been no trial of this matter, we are limited in our understanding of the facts to the allegations of the parties’ pleadings.
Alfred Bonnabel created a subdivision in Jefferson Parish, Bonnabel Place, in 1916. He included twelve-foot-wide alleys between and behind the lots, dedicated to the use of the lot owners and not to public use. In a series of acquisitions between 1935 and 1955, the parish obtained two large plots of Bonnabel Place for the construction of a sewerage treatment plant. The plant was built in the late 30’s, and the property was fenced in 1940. The parish sold part of the property, fronting on Interstate 10, to the State of Louisiana in 1961.
Eventually the plant was relocated, and this property was no longer needed for public use. The parish resubdivided the property into lots and streets and discovered the existence of these alleys. It then sued to quiet title to the alleys, naming Bonnabel Properties, Inc. and the Heirs of Alfred Bonnabel as successors to Alfred Bonnabel. Bonnabel denied that the parish had ever acquired any right to the alleys in question.
The parish moved for summary judgment alleging three alternatives: it had acquired title to the alleys by the prescription of thirty years; if the alleys are considered servitudes they have prescribed by virtue of ten years’ non use; and any action for compensation prescribed in three years. It attached documents and affidavits, showing the acquisition of the property and existence of the sewerage plant and the fence and claiming that the alleys had never been used.
The judge ruled in the parish’s favor on the grounds that
[t]he 1974 Constitution appears to allow a municipality to acquire ... property for any public purpose by purchase, dona *301 tion, expropriation, exchange or otherwise. The municipality’s not prohibited from acquiring the property through these means by this 1974 Constitution and impliedly the Rigard [Regard v. Escude, 69 So.2d 627 (La.App. 2d Cir.1953) ] is overruled, I believe, by the 1974 Constitution. The good citizens who wrote the 1974 Constitution could have provided that a municipality cannot acquire property by acquisitive prescription but they did not.
The statutory law would appear to support the right of the parish to ownership of the property, beginning with the Louisiana Constitution, Art. VI, Sec. 23 (emphasis added):
Subject to and not inconsistent with this constitution and subject to restrictions provided by general law, political subdivisions may acquire property for any public purpose by purchase, donation, expropriation, exchange, or otherwise.
According to the Revised Statutes,
Municipalities and parishes may expropriate and otherwise acquire any private property, within or without their limits, for any of the purposes for which they are organized, and for any work that they are authorized to own and operate
[[Image here]]
La.R.S. 33:4621 (emphasis added).
In addition, the case relied upon by the parish, Lincoln Parish School Board v. Ruston College, 162 So.2d 419 (La.App. 2d Cir.1964), writ denied 246 La. 355, 164 So.2d 354 (La.1964), seems applicable. Ru-ston College argued that a school board could not acquire property by acquisitive prescription, but the trial court disagreed. The Second Circuit affirmed, outlining the law of prescription but focusing on the derivation of “prescription” from a presumption that there once was a grant (title and deed) which has since been lost. We agree with Bonnabel that such a presumption is inappropriate here, where there is no such claim made. Nevertheless, we believe the court outlined principles which are applicable to the instant case.
There is no prohibition in the organic law prohibiting the running of prescription in favor of the State or in favor of political corporations.
If public bodies or political corporations were prohibited from acquiring by prescription, such defects as may exist in a title to property acquired by purchase or donation could never be cured by possession of any nature, extent, and duration whatsoever. Such a conclusion would be contrary to sound reason and logic and would be opposed to the clear and unambiguous language of LSA-C.C. Art. 3458 [now Art. 3446]_
[Prescription cannot run against the State. Nevertheless, in the absence of any express provision in the Constitution and Statutes authorizing the State to avail itself of the benefits of prescription acquirendi causa, it has been firmly recognized that such prescription does run in favor of the State....
[[Image here]]
As a general rule, all persons, artificial as well as natural, may acquire title by adverse possession....
At 426-27 (citations omitted). The courts, citing the Lincoln Parish case, have noted the right of the state and political subdivisions to acquire land by prescription. Todd v. State through Dept. of Natural Res., 456 So.2d 1340 (La.1983), on 2d rehearing 474 So.2d 430 (La.1985); Succession of Burnt v. Bd. of Levee Com’rs, 469 So.2d 1022 (La.App. 4th Cir.1985), writ denied 475 So.2d 1095 (La.1985), U.S. cert. denied 475 U.S. 1018, 106 S.Ct. 1204, 89 L.Ed.2d 317 (1986).
We hold the parish is entitled to acquire property by prescription and has presented facts by affidavit, unrebutted by Bonnabel, sufficient to support a summary judgment: actual corporeal possession for over thirty years, continuously, uninterruptedly, peaceably, publicly, and unequivocally. La.C.C. arts. 3476, 3486, and 3487. Because of this holding, we find it unnecessary to consider the parish’s alternative arguments.
We affirm the judgment in favor of the Parish of Jefferson and against Bonnabel *302 Properties, Inc. and the heirs of Alfred Bonnabel which decreed the Parish of Jefferson to be the owner of the five twelve-foot-wide alleys situated in Parcels “A”, “B”, and “C” (formerly Squares 33 and 34) Bonnabel Place Subdivision. Jefferson Parish, Louisiana, as shown on the plan by BFM Corporation dated April 25, 1991, and which further enjoined any person or party from claiming an interest in those five alleys.
AFFIRMED.