620 So.2d 1168 (1993)
PARISH OF JEFFERSON
v.
BONNABEL PROPERTIES, INC., and The Heirs of Alfred Bonnabel.
No. 93-C-0276.
Supreme Court of Louisiana.
July 2, 1993.
Rehearing Denied September 2, 1993.
Jesse L. Wimberly, III, Mandeville, for applicant.
Lawrence J. Radosta, Sr., Kenner, Ferdinand M. Lob, Metairie, for respondent.
KIMBALL, Justice.[*]
This case involves an action to quite title to immovable property. The narrow issue *1169 presented is whether a parish, a political subdivision of the state, may acquire title to immovable property through 30-year acquisitive prescription.

FACTS AND PROCEDURAL HISTORY[1]
By Act of Dedication dated June 9, 1916, Alfred Bonnabel subdivided a large tract of land in Jefferson Parish into streets and residential lots, declaring the development to be Bonnabel Place Subdivision. As part of the development, Mr. Bonnabel included twelve foot wide alleyways running behind and alongside some of the residential lots. Although the streets contained in the subdivision were dedicated to public use, the alleyways were dedicated strictly to the use of the lot owners adjacent to said alleyways.[2]
Subsequent to its dedication, by separate acquisitions in 1938 and in 1955, the Parish of Jefferson obtained two large tracts of land comprised of several lots in Bonnabel Place Subdivision. The Parish alleges that, in 1940, it constructed various structures of a sewage treatment plant on this land and surrounded these structures with a chain link fence.[3] The Parish further alleges that several years later this sewage treatment plant was relocated and, in 1991, the Parish decided to re-subdivide this property back into residential lots for commercial sale. Upon attempting this re-subdivision, however, the Parish discovered the existence of the alleys created by Mr. Bonnabel. The Parish further discovered that, despite the fact that it had not purchased any alleys in the 1938 or 1955 acquisitions, the alleys corresponding to the lots which it obtained in those acquisitions had been included within the Parish's fenced-in area.
After making this discovery, the Parish brought an action to quiet title to the alleys, naming Bonnabel Properties, Inc. and the Heirs of Alfred Bonnabel as successors to Alfred Bonnabel. Based on its alleged "continuous, uninterrupted, peaceable, adverse, public and unequivocal possession" of the alleys within the enclosure of the chain link fence for over 30 years (from the time of the fence's erection in 1940 until the time the fence was dismantled in 1991), the Parish claimed it had obtained ownership of the alleys by acquisitive prescription under La.Civ.Code. arts. 3446 and 3486. The Parish further submitted that if the alleys were considered servitudes in favor of the adjacent property owners, these servitudes had prescribed ten years from their creation by virtue of their nonuse under La.Civ.Code art. 753.
Bonnabel Properties, Inc. and the Heirs of Alfred Bonnabel (collectively referred to as "the Bonnabel defendants") answered the Parish's Petition, generally denying the allegations contained therein. The Bonnabel defendants further asserted, inter alia, that a municipality may not acquire property through acquisitive prescription and that the Bonnabel defendants remained the legal owners of the alleys in question.
The Parish moved for summary judgment alleging two alternatives: (1) it had acquired title to the alleys by 30-year acquisitive prescription; and (2) any claims by the Bonnabel defendants for compensation for the alleys were cut-off by the three-year liberative prescription of La. Rev.Stat. 13:5111.[4] The Parish's Motion *1170 included documents and affidavits establishing the Parish's acquisition of the two large tracts of property, the existence of the Parish's fence surrounding said property including the alleys for over 30 years, and that the alleys had never been used as intended by Alfred Bonnabel.
Following a hearing, the trial judge granted summary judgment in favor of the Parish, "decreeing that complete and full ownership and title [to the alleys] is vested in the Parish of Jefferson" and "forever enjoining any person or party from claiming an interest in said five alleys." The Bonnabel defendants appealed.
The court of appeal affirmed the decision of the trial court, 612 So.2d 300 (La.App. 1992), holding that a parish could obtain ownership of property through acquisitive prescription and that, in the instant case, the Parish of Jefferson had established its acquisition of the subject property through 30-year acquisitive prescription. Based on these conclusions, the court of appeal found it unnecessary to consider the Parish's arguments regarding the three year liberative prescription for claims seeking "just compensation" for property taken.
We granted the Bonnabel defendants' writ application[5] to consider whether a parish may obtain ownership of immovable property through acquisitive prescription.

APPLICABLE LAW
The authority for a political subdivision, such as the Parish of Jefferson, to acquire property is granted by Article VI, Sect. 23 of the Louisiana Constitution. That provision states: "Subject to and not inconsistent with this constitution and subject to restrictions provided by general law, political subdivisions may acquire property for any public purpose by purchase, donation, expropriation, exchange, or otherwise." (Emphasis added).
It is the contention of the Parish that the phrase "or otherwise" in this constitutional provision authorizes it to avail itself of the principles of acquisitive prescription as a method of acquiring property. The Parish bolsters this argument by citing La.Rev. Stat. 33:4621, which provides in part:
Municipalities and parishes may expropriate and otherwise acquire any private property, within or without their limits, for any of the purposes for which they are organized, and for any works that they are authorized to own or operate, or which they are authorized to lease or donate to the United States. (Emphasis added.)
Based on its reading of these two provisions in isolation, the Parish reaches the simple conclusion that it has authority to acquire property via acquisitive prescription. Reading Article VI, Sect. 23 in light of the constitutional provision addressing a political subdivision's authority to acquire servitudes, La. Const. Art. VI, Sect. 24, however, we find the Parish's position untenable for several reasons.
First, construing Section 23's "or otherwise" language as granting political subdivisions the authority to acquire property through acquisitive prescription would render La. Const. Art. VI, Sect. 24 superfluous. This is so because Section 23 broadly authorizes a political subdivision to acquire "property" through the enumerated means, "or otherwise." The jurisprudence of this state has long recognized the term "property" includes recognized dismemberments of ownership rights in a thing as well as full ownership of the thing. See, Columbia Gulf Transmission Co. v. Hoyt, 252 La. 921, 215 So.2d 114, 120 (1968). A servitude is one of these recognized dismemberments of ownership rights. See, Humble Pipe Line Co. v. Wm. T. Burton Industries, Inc., 253 La. 166, 217 So.2d 188, 192 (1968) ("An easement is, however, property or an interest in land.") (Quoting 25 Am.Jur.2d Easements and Licenses, § 2, p. 417-18). Thus, Section 23 authorizes a political subdivision to acquire, through any of the listed methods, not only full ownership rights, but also servitudes. Accepting the Parish's contention, that Section 23's "or otherwise" language includes *1171 authorization for governmental subdivisions to acquire through acquisitive prescription, we would necessarily be led to the conclusion that Section 23 authorizes political subdivisions to acquire servitudes through acquisitive prescription. It is readily apparent that this was not the intent of Section 23, however, because Section 24 is directed solely to granting governmental subdivisions the limited authority to acquire servitudes through acquisitive prescription.[6] Thus, interpreting Section 23 as granting political subdivisions the authority to acquire through acquisitive prescription would render Section 24 nugatory, a result incongruous with the rules of interpretation of our constitution. See, e.g., State ex rel. Guste v. Bd. of Commissioners of the Orleans Levee Dist., 456 So.2d 605 (La.1984).
Second, in addition to the absurd consequence which would result from the Parish's proposed interpretation of Article VI, Sect. 23, we further note that Section 24 is dedicated entirely to a governmental subdivision's authority to acquire by prescription. The constitutional framers' dedication of an entire section to the matter of acquisitive prescription reflects the importance which they believed it deserved. It would be inconsistent with the framers' unreserved treatment of this matter with respect to servitudes, to conclude the framers' simple inclusion of the omnibus words "or otherwise" in Article VI, Sect. 23 were intended to authorize a political subdivision's acquisition of full ownership of immovable property through acquisitive prescription.
Finally, Article VI, Sect. 24's express recognition that acquisitive prescription should run in favor of political subdivisions with respect to servitudes reflects the constitutional framers' consideration of the possibility of a political subdivision obtaining property through acquisitive prescription. Despite their consideration of this possibility, the framers refrained from granting political subdivisions this right with respect to acquisition of full ownership of property. We can only conclude that this was a deliberate omission on the part of the framers.

CONCLUSION
Based on the foregoing, we believe it would be incorrect to conclude the constitutional framers, by the inclusion of the words "or otherwise" in Article VI, Sect. 23, intended to allow political subdivisions to acquire full ownership of property through acquisitive prescription. Accordingly, the decisions of the lower courts to the contrary are reversed. This matter is remanded to the district court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HALL, J., dissents.
MARCUS, J., dissents and assigns reasons.
CALOGERO, C.J., dissents for the reasons assigned by MARCUS, J.
MARCUS, Justice (dissenting).
I disagree with the majority's holding that La. Const. Art. VI, § 23 does not allow a political subdivision to acquire property through acquisitive prescription. The majority bases its reasoning on the theory that including acquisitive prescription under Art. VI, § 23 would render Art. VI, § 24 superfluous. However, a review of the history of these provisions indicates the two articles are not contradictory.
Article VI, § 24 was based on Art. 14, § 16 of the 1921 Constitution. The comments of the delegates indicated that they felt it was important to carry over this provision to the new constitution to validate instances whereby municipalities had acquired servitudes by maintaining roads. Records of the Louisiana Constitutional Convention of 1973, vol. VII, p. 1565. By contrast, Art. VI, § 23 was not based on a provision of the 1921 Constitution, but was an entirely new provision giving political *1172 subdivisions the right to acquire property. Seen in this light, it seems clear that the framers did not intend for Art. VI, § 24 to act as a limitation on Art. VI, § 23, but merely retained it to ensure servitudes acquired under the previous constitution would not be invalidated.
Accordingly, I believe acquisitive prescription falls within Art. VI, § 23's "or otherwise" method of acquisition of property. Further, I agree with the reasoning of Lincoln Parish School Board v. Ruston College, 162 So.2d 419 (La.App. 2d Cir. 1964), writ denied, 246 La. 355, 164 So.2d 354 (1964), that if public bodies were prohibited from acquiring property by prescription, defects in titles to property acquired by purchase or donation could never be cured. Clearly, the framers of the constitution did not intend to preclude the state from ever curing defects in its titles. For these reasons, I would affirm the decision of the court of appeal holding that the parish acquired the property by virtue of prescription.
NOTES
[*] Pursuant to Rule IV, Part 2, § 3, Dennis, J. was not on the panel which heard and decided this case. See the footnote in State v. Barras, 615 So.2d 285 (La.1993).
[1] Because this matter was decided by the lower courts on a Motion for Summary Judgment, we are limited in our understanding of the facts to the allegations contained in the parties' pleadings.
[2] The Act of Dedication of Bonnabel Place Subdivision provides in part: "And the said Bonnabel, through said Lawes, Agent, here declared that the alleys in the various squares are not dedicated to public use because they are intended solely for the use and convenience of the lot owners abutting on said alleys in each square."
[3] The Parish's Petition asserts that it has possessed all of this property since its erection of the fence around the plant in 1940. This allegation is somewhat questionable considering that the Parish did not acquire the second tract until 1955. Because commencement of the Parish's possession, whether in 1938 or in 1955, is not determinative of our outcome in this matter, we assume arguendo the Parish's possession of both the tracts began in 1938.
[4] La.Rev.Stat. 13:5111 provides in part: "Actions for compensation for property taken by the state, a parish, municipality, or other political subdivision or any one of their respective agencies shall prescribe three years from the date of such taking."
[5] 614 So.2d 1247 (La.1993).
[6] La. Const. Art. VI, Sect. 24 provides: "The public, represented by local governmental subdivisions, may acquire servitudes of way by prescription in the manner prescribed by law."

(Emphasis added.)