Dear Mr. D'Angelo:
This office is in receipt of your request for an opinion of the Attorney General in regard to acquisition by prescription by the Levee District. You conclude that the Louisiana Supreme Court held in Jefferson v. Bonnabel Property, Inc.620 So.2d 1168 (La 1993, that a parish is not authorized to acquire title to immovable property through 30-year acquisitive prescription; whereas in Succ. of Burat v. Board ofCommissioners, 469 So.2d 1023 (La.App 1985) the court held that levee districts can prescribe against citizens although citizens cannot prescribe against levee districts. Finding that the levee district expropriated the lands before taking possession, the court states there was not deprivation of property without due process.
You feel this latter statement raises several questions such as whether obtaining property by acquisitive prescription deprives a citizen of his property without due process, and if so, why does the court say levee boards may prescribe against citizens. You further note that in the statutes defining the powers and duties of levee district, there is no provision that levee districts may acquire property by acquisitive prescription, and the state must have the power to acquire property by acquisitive prescription or it could not delegate such power to local governments as provided in Article 6, Section 24. Therefore, you question if levee districts come under Section 23 and 24 or have the inherent power of the state.
In conclusion you declare your main question is, "Can levee districts acquire title to or a servitude of way over property by 30 years acquisitive prescription?"
We feel we must rely upon the decision of the Louisiana Supreme Court in the Bonnabel Properties case, supra, in an attempt to answer your question whether the levee district can acquire title to property by thirty year prescription. The court majority clearly found the framers of the constitution expressed that acquisitive prescription should run in favor of political subdivisions "with respect to servitudes" but they refrained from granting political subdivisions this right with respect to acquisition of full ownership of property.
If there was any conflict with this decision and that of the Court of Appeal in Succession of Burat v. Bd. of LeveeCom'rs, supra, we must follow the more recent decision of the Supreme Court. However, we believe there are facts which distinguish the rulings in the Bonnabel Properties and the Burat cases. We do note that the court states in the Burat case that there was no deprivation of property without due process of law inasmuch as the levee board purchased or expropriated the land before taking possession of it, although the Burats were not recipients of the compensation having been divested of title long before the Levee Board took possession.
While the court maintained in the Bonnabel case that a political subdivision could not acquire full ownership through acquisitive prescription, it was reasoned in accordance with Sec. 24 of Art. VI that acquisitive prescription should run in favor of political subdivisions with respect to servitudes. Art. VI, Sec. 24 provides, "The public, represented by local governmental subdivisions, may acquire servitudes of way by prescription in the manner prescribed by law." Accordingly, it was concluded when the framers of the constitution refrained from granting political subdivisions this right with respect to acquisition of full ownership of property, it was a deliberate omission.
As stated above we are bound by the Bonnabel decision, and as we understand that decision, we feel in answer to your question that a levee district can acquire a servitude by acquisitive prescription but not full ownership of property.
We hope this has been of assistance, but feel a judicial review of the cases in question is best to resolve the issue.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ____________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR