LILJEBERG, J.
This matter comes before the Court on motions filed by appellees, Jefferson Parish (the "Parish"), and Jefferson Parish School Board (the "School Board"), seeking dismissal of the appeal filed by appellant, TimBrian, L.L.C. ("TimBrian"). Appellees contend dismissal of the appeal is *750 warranted because TimBrian acquiesced in the judgment entered against it by the lower court. For reasons set forth more fully below, we cannot consider the motions to dismiss filed by the Parish and the School Board, and instead must dismiss this appeal without prejudice for lack of subject matter jurisdiction due to the absence of a final, appealable judgment.[1]
FACTUAL AND PROCEDURAL BACKGROUND
This matter arises from a dispute regarding ownership of a piece of immovable property used as a playground in the front of Metairie Academy for Advanced Studies located on Metairie Road in Jefferson Parish (the "Property"). TimBrian acquired the Property at a tax sale held by the Sheriff and Ex-Officio Tax Collector for Jefferson Parish in exchange for $111,318.29, which included unpaid property taxes and other costs. A Tax Sale Certificate dated September 27, 2010, was recorded in the Jefferson Parish conveyance records on November 4, 2010.
On May 19, 2014, TimBrian filed a Petition for Monition in the 24th Judicial District Court to cure any defects in the tax sale and to quiet title to the Property. On August 13, 2014, the district court in that matter rendered a "Judgment Confirming and Homologating Sale," which perfected TimBrian's title to the Property. This judgment was recorded in the Jefferson Parish conveyance records on August 13, 2014.
On December 22, 2014, the School Board filed a "Petition to Annul Tax Sale," naming TimBrian as a defendant. The School Board alleged the Property TimBrian purchased at the tax sale included portions of land already owned by the School Board and further alleged the tax sale was an absolute nullity. The School Board requested a judgment declaring it owner of the portions of the Property described in the petition, as well as a judgment nullifying the tax sale, nullifying the judgment homologating the tax sale, and cancelling the inscriptions of the tax sale and homologating judgment from the Jefferson Parish Clerk of Court's conveyance records.
On February 10, 2015, TimBrian filed an answer, exceptions and reconventional demand seeking damages against the School Board and a declaratory judgment naming TimBrian as the owner of the Property. On April 1, 2015, the School Board filed a first supplemental and amending petition to annul the tax sale, which added the Parish as a defendant to the proceedings based on the Parish's assertion that it owned the Property. The School Board further alleged that it enjoyed possession of the Property since 1939, and that it acquired predial servitudes of use, passage and right of way through its possession thereby entitling it to notice of the tax sale. The School Board sought a declaratory judgment recognizing its predial servitudes. It also alleged that as the true owner of the Property, the Parish was also entitled to notice of the tax sale proceedings and bore the responsibility to attack and seek to nullify the tax sale and judgment of homologation to protect the School Board's peaceful possession of the Property.
On June 4, 2015, the School Board filed a second supplemental and amending petition which contained minor amendments to its prior allegations. In its answer to the *751 amending petitions to annul the tax sale, TimBrian reincorporated its reconventional demand alleged against the School Board. In response to the original, first amending and second amending petitions, Jefferson Parish filed an answer and cross-claim against TimBrian and the School Board seeking a declaratory judgment recognizing the Parish as the owner of the Property.
On May 23, 2016, the Parish filed a motion for summary judgment seeking a declaration recognizing it as owner of the Property and for judgment dismissing TimBrian's reconventional demand. The trial court dismissed the motion as premature due to outstanding discovery issues. After completing additional discovery, the Parish and the School Board filed a motion to re-urge the previously filed summary judgment motion. In response, TimBrian filed an opposition and a cross-motion motion for summary judgment seeking the dismissal of the Parish's cross-claim.
On July 14, 2017, the trial court heard oral argument on the summary judgment motions, and on July 21, 2017, the trial court entered a judgment granting the Parish's motion for summary judgment and further declaring that "Jefferson Parish is the owner of the property at issue by dedication for Hypolite de Courval in the year 1837."[2] The judgment also denied TimBrian's motion for summary judgment and further stated that "all reconventional demands of defendant TimBrian, LLC asserting ownership of the property at issue are hereby DISMISSED." The judgment did not address the claims alleged by the School Board against the Parish and TimBrian.
On July 31, 2017, the Parish, School Board and TimBrian filed a timely Joint Consent Motion for New Trial requesting that the trial court amend the July 21, 2017 judgment to include a legal description of the Property. The trial court granted the motion for new trial and amended the judgment on August 1, 2017. On August 31, 2017, TimBrian filed a motion for devolutive appeal, which the trial court granted.
We recognize that the procedural posture of the parties is unusual in this matter as the School Board originally alleged it was owner of portions of the Property at issue and then conceded in its amending petitions that the Parish was the owner of the disputed property and joined the Parish as a defendant. However, based on our review of the pleadings, the School Board alleged claims against both TimBrian and the Parish that were not addressed by the judgments and therefore, remain pending against both of those parties. As explained more fully below, we must find this Court lacks appellate jurisdiction as the July 21, 2017 and August 1, 2017 judgments are not final, appealable judgments and were not designated as final judgments pursuant to La. C.C.P. art. 1915(B)(1).
LAW AND DISCUSSION
Before considering the merits in any appeal, appellate courts have the duty to determine sua sponte whether subject matter jurisdiction exists, even when the parties do not raise the issue. Input/Output Marine Sys. v. Wilson Greatbatch Techs., Inc. , 10-477 (La. App. 5 Cir. 10/29/10), 52 So.3d 909, 910. This Court cannot determine the merits of an appeal unless our appellate court jurisdiction is properly invoked by a valid final judgment. Id. at 915.
*752 La. C.C.P. art. 1915 provides, in pertinent part:
A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
(1) Dismisses the suit as to less than all of the parties, defendants, third party plaintiffs, third party defendants, or intervenors.
* * *B. (1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories against a party, whether in an original demand, reconventional demand, cross-claim, third-party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any such order or decision shall not constitute a final judgment for the purpose of an immediate appeal and may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.
After thoroughly reviewing the record and the holdings in the relevant judgments, we find that while the judgments resolved the issue of ownership of the property, the district court did not resolve all of the claims alleged against TimBrian or the Parish by the School Board such that the judgments at issue would qualify as a final judgments dismissing the suit against either party pursuant to La. C.C.P. art. 1915(A)(1). The judgments do not resolve the School Board's claims and prayer to nullify the tax sale and judgment of homologation previously entered in favor TimBrian and does not resolve the School Board's request for a declaratory judgment seeking recognition of its servitudes of use, passage and right of way.[3] More importantly, the judgment declaring Jefferson Parish as the owner of the Property is not designated as a partial final judgment pursuant to La. C.C.P. art. 1915(B).
DECREE
Based on the foregoing, we find this Court lacks appellate jurisdiction over this matter and dismiss the appeal filed by TimBrian, L.L.C., without prejudice, and remand this matter to the trial court for further proceedings.
APPEAL DISMISSED WITHOUT PREJUDICE AND REMANDED

Even if a final, appealable judgment existed in this matter, the Court would be unable to consider the motions to dismiss the appeal filed by appellees because this Court is not able to receive the new evidence attached to these motions. See Verret v. State Farm Mut. Auto Ins. , 99-1250 c/w 99-1251 (La. App. 3 Cir. 2/2/00), 759 So.2d 115, 120, writ denied , 00-690 (La. 4/20/00), 761 So.2d 535 and writ denied , 00-673 (La. 4/20/00), 760 So.2d 1159.

The judgment does not address the School Board's joinder in the re-urged motion for summary judgment.

Furthermore, a judgment declaring a tax sale a nullity is without effect and is not final unless the tax payer is also awarded taxes, costs and interest in accordance with La. Const. Art. VII, § 25 (C). See also La. R.S. 47:2291 ; Mooring Tax Asset Group, L.L.C. v. James , 14-109 (La. 12/9/14), 156 So.3d 1143, 1147-49 ; Surcouf v. Darling , 15-278 c/w 15-279 (La. App. 4 Cir. 10/21/15), 177 So.3d 1085, 1088-89.