JEFFERSON PARISH SCHOOL BOARD

VERSUS

TIMBRIAN, LLC

NO. 21-CA-67

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 745-335, DIVISION "C"
HONORABLE JUNE B. DARENSBURG, JUDGE PRESIDING

October 20, 2021

**MARC E. JOHNSON**
**JUDGE**

Panel composed of Judges Fredericka Homberg Wicker,
Marc E. Johnson, and Robert A. Chaisson

**AFFIRMED**
    **MEJ**
    **FHW**
    **RAC**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
JEFFERSON PARISH SCHOOL BOARD
    Olden C. Toups, Jr.

COUNSEL FOR DEFENDANT/APPELLEE,
TIMBRIAN, LLC
    Scott L. Sternberg
    M. Suzanne Montero
    Michael S. Finkelstein
    Joseph R. Marriott

**JOHNSON, J.**

Plaintiff/Appellant, the Jefferson Parish School Board (hereinafter referred to as "the School Board") appeals the partial summary judgment concerning the ownership of certain immovable property in favor of Defendant/Appellee, TimBrian, L.L.C. (hereinafter referred to as "TimBrian"), from the 24th Judicial District Court, Division "C". For the following reasons, we affirm the trial court's judgment.

## FACTS AND PROCEDURAL HISTORY

This matter arises from a dispute regarding ownership of a piece of immovable property used as a playground in front of Metairie Academy for Advanced Studies (hereinafter referred to as "the Property") in Jefferson Parish. This is the third appeal before this Court concerning the Property.[1] The facts pertinent to this appeal are as follows. TimBrian purchased the Property at a 2010 tax sale and subsequently filed a petition for monition to cure any defects in the tax sale and to quiet tax title to the Property. The School Board filed a petition to annul the tax sale, wherein it asserted ownership of the Property. The Parish of Jefferson (hereinafter referred to as "the Parish") intervened in the matter, also claiming ownership of the Property. The School Board amended its petition and alleged that the Parish is the owner of the Property. Alternatively, the School Board alleged that it acquired ownership of the property and predial servitudes through acquisitive prescription.

On May 8, 2020, TimBrian filed a motion for partial summary judgment, contesting the School Board's ownership of the Property. In its motion, TimBrian alleged that the School Board could not, as a matter of law, have any claim to full

_____

[1] Recitations of the facts and procedural history can be found in *Jefferson Parish School Board v. TimBrian, LLC*, 17-668 (La. App. 5 Cir. 3/28/18); 243 So.3d 749 and *Jefferson Parish School Board v. TimBrian, LLC*, 18-349 (La. App. 5 Cir. 5/9/19); 273 So.3d 528, *writ denied*, 19-954 (La. 9/24/19); 279 So.3d 388.

ownership of the Property by means of acquisitive prescription. It also alleged the School Board could not claim full ownership of the Property because the School Board judicially confessed that it is not the owner. The School Board opposed the motion, arguing that it possessed the entirety of the Property for more than 30 years. The School Board asserted that genuine issues of material fact remained as to whether it acquired ownership of the property through acquisitive prescription that warranted a trial.

The motion for partial summary judgment was heard on September 10, 2020. At the conclusion of the hearing, the trial court orally found that the School Board failed to provide any evidence that would suggest it could acquire the Property under the acquisitive prescription law. The trial court found that *Parish of Jefferson v. Bonnabel Properties, Inc.*, 620 So.2d 1168 (La. 1983) was controlling jurisprudence that prohibited the School Board, as a political subdivision, from acquiring full ownership of the Property through acquisitive prescription. In a written judgment rendered on the same day of the hearing, the trial court granted TimBrian's motion for partial summary judgment. The trial court dismissed the School Board's claim for full ownership of the Property. The instant appeal followed.

## ASSIGNMENTS OF ERROR

On appeal, the School Board alleges: 1) the trial court erred in failing to determine that the School Board has not judicially denied ownership of the Property; and 2) the trial court erred in determining the School Board has no claim to ownership by acquisitive prescription.

## LAW AND ANALYSIS

General Summary Judgment Law

The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action and is favored. La. C.C.P. art.

966(A)(2). Appellate courts review summary judgments *de novo* under the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. *Stogner v. Ochsner Clinic Foundation*, 18-96 (La. App. 5 Cir. 9/19/18); 254 So.3d 1254, 1257, citing *Batiste v. United Fire & Casualty Co.*, 17-485 (La. App. 5 Cir. 3/14/18); 241 So.3d 491, 496. Summary judgment shall be granted "if the motion, memorandum, and supporting documents shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." *Id.*, quoting La. C.C.P. art. 966(A)(3).

A material fact is one that potentially insures or prevents recovery, affects a litigant's ultimate success, or determines the outcome of the lawsuit. *Populis v. State Department of Transportation and Development*, 16-655 (La. App. 5 Cir. 5/31/17); 222 So.3d 975, 980, quoting *Pouncy v. Winn-Dixie La., Inc.*, 15-189 (La. App. 5 Cir. 10/28/15); 178 So.3d 603, 605. An issue is genuine if it is such that reasonable persons could disagree. If only one conclusion could be reached by reasonable persons, summary judgment is appropriate as there is no need for trial on that issue. *Id.* Whether a particular fact in dispute is material for purposes of summary judgment can only be determined in light of the substantive law applicable to the case. *Stogner*, 254 So.3d at 1257, citing *Jackson v. City of New Orleans*, 12-2742 (La. 1/28/14); 144 So.3d 876, 882, *cert. denied*, 574 U.S 869, 135 S.Ct. 197, 190 L.Ed.2d 130 (2014).

The party moving for summary judgment bears the burden of proof. *Stogner*, *supra*, citing La. C.C.P. art. 966(D)(1). However, if the mover will not bear the burden of proof at trial, the moving party must only point out that there is an absence of factual support for one or more elements essential to the adverse party's claims. *Id.* Thereafter, the burden shifts to the adverse party to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. *Id.* If the adverse party fails to meet this burden, there is

no genuine issue of material fact, and the mover is entitled to summary judgment as a matter of law. *Id.* Once the motion for summary judgment has been properly supported by the moving party, the failure of the adverse party to produce evidence of a material factual dispute mandates the granting of the motion. *Id.*, citing *Babin v. Winn Dixie La., Inc.*, 00-78 (La. 6/30/00); 764 So.2d 37, 40.

<u>Judicial Confession and Acquisitive Prescription[2]</u>

The School Board alleges the trial court erred in determining that it has no claim to ownership of the Property through acquisitive prescription. It argues that the trial court erroneously relied upon *Parish of Jefferson v. Bonnabel Properties, Inc.*, 620 So.2d 1168 (La. 1983). It contends that the Louisiana Supreme Court's ruling in *Bonnabel Properties, Inc.*, which held that political subdivisions cannot obtain ownership of immovable property through acquisitive prescription, missed the true legislative intent of Louisiana Constitution, Article VI, Section 24. The School Board avers that the true legislative intent allowed local governmental subdivisions to acquire property through acquisitive prescription, and the misinterpretation of the legislative intent needs to be rectified.

The School Board further alleges the trial court erred in failing to determine that it has not judicially confessed that it is not the owner of the Property. It argues that it has repeatedly put forth its claim to ownership of the Property.[3] Even though the School Board acknowledges that it has asserted the Parish is the owner of the Property and it does not have actual legal title to the Property, it contends that neither of those admissions constitute unequivocal judicial confessions that the School Board does not own the Property. The School Board maintains that being the actual owner of the Property is not necessary in this instance because it

---

[2] The assignments of error are interrelated and will be jointly discussed.
[3] The School Board also argues that it has set forth claims for right of passage, right of use, right of way, and usufruct. TimBrian's motion for partial summary judgment and the judgment rendered by the trial court only addressed the issue of whether the School Board could acquire full ownership through acquisitive prescription. Therefore, the School Board's claims to rights of predial servitudes are not properly before this Court for review.

acquired ownership of the Property through acquisitive prescription.

TimBrian argues that the trial court did not err in its judgment because the School Board failed to defeat the motion for partial summary judgment. Since there were no facts being disputed, TimBrian maintains that the School Board offered no convincing argument as to why *Bonnabel Properties, Inc.* should be overturned. It asserts that the supreme court considered the legislative intent of Louisiana Constitution, Article VI, Section 24; *Bonnabel Properties, Inc.* is settled law; and the supreme court has not seen fit over the last three decades to overturn that decision. TimBrian further maintains that the School Board has judicially confessed that it does not own the Property; therefore, the School Board has unequivocally waived its claim to any ownership interest in the Property.

In its motion for partial summary judgment, TimBrian asserted that, pursuant to *Bonnabel Properties, Inc.*, the School Board could not, as a matter of law, have any claim to full ownership of the Property by means of acquisitive prescription through adverse possession. After reviewing that jurisprudence, we agree.

In *Bonnabel Properties, Inc.*, *supra*, the Parish sought to quiet title to alleyways it included within fenced tracts of land. The alleyways had been dedicated strictly to the use of the lot owners adjacent to the alleyways prior to the Parish's purchase of its tracts of land. On review, the supreme court considered the narrow issue of whether a political subdivision of the state could acquire title to immovable property through 30-year acquisitive prescription. *Id*. at 1169.

In its analysis, the supreme court examined Louisiana Constitutional Article VI, Sections 23 and 24. In finding that a political subdivision cannot acquire full ownership of immovable property through acquisitive prescription, the court held,

> Finally, Article VI, Sect 24's express recognition that acquisitive prescription should run in favor of political subdivisions *with respect to servitudes* reflects the constitutional framers'

consideration of the possibility of a political subdivision obtaining property through acquisitive prescription. Despite their consideration of this possibility, the framers refrained from granting political subdivisions this right with respect to acquisition of full ownership of property. We can only conclude that this was a deliberate omission on the part of the framers.

*Id*. at 1171.

The case at bar presents the same issue considered in *Bonnabel Properties, Inc.*: whether the School Board, a political subdivision of the state, can acquire title to immovable property through 30-year acquisitive prescription. In following the Louisiana Supreme Court's jurisprudence, we are constrained to find that the School Board cannot acquire title to the property at issue in this matter through acquisitive prescription.[4] Consequently, without acquisition through acquisitive prescription, we find the School Board's full ownership claim of the Property fails. Its assertions that the Parish is the owner of the Property and the School Board does not have actual legal title to the Property further refute its claim of ownership of the Property.

### DECREE

After *de novo* review, we find that the Jefferson Parish School Board cannot acquire the Property through acquisitive prescription. Therefore, we find that TimBrian, L.L.C. is entitled to partial summary judgment, as a matter of law, and affirm the trial court's partial summary judgment in favor of TimBrian, L.L.C.[5]

---

[4] As an intermediate appellate court, we are bound to follow the decisions of the Louisiana Supreme Court. *LaFourche Parish Water District No. 1 v. Digco Utility Construction, L.P.*, 18-1112 (La. App. 1 Cir. 3/13/19); 275 So.3d 20, 25, *writ denied*, 19-577 (La. 6/17/19); 274 So.3d 1257. *See also*, *Latino v. Binswanger Glass Co.*, 532 So.2d 960 (La. App. 5th Cir. 1988). "In particular, when a question is not specifically regulated by statute and the Supreme Court has made the only available definitive ruling and the last expression of law as to the issue, we must follow those rulings." *Digco Utility Construction, L.P.*, *supra*, citing *Oliver v. Magnolia Clinic*, 11-2132 (La. 3/13/12); 85 So.3d 39, 44; *Cavalier v. State, ex rel. Department of Transporation and Development*, 08-561 (La. App. 1 Cir. 9/12/08); 994 So.2d 635, 641.

[5] We note that TimBrian urged, for the first time on appeal in its brief, that the School Board does not have a right of action or a cause of action for acquisitive prescription. An appellate court may consider a peremptory exception filed for the first time in that court, if pleaded prior to a submission of the case for decision, and if proof of the ground of the exception appears of record. La. C.C.P. art. 2163. However, consideration of such an exception is discretionary with the appellate court. *Gutierrez v. Bruno*, 19-1537 (La. App. 1 Cir. 8/5/20); 310 So.3d 560, 564 n. 4, citing *Southern States Masonry, Inc. v. J.A. Jones Const. Co.*, 507 So.2d 198, 207 (La. 1987). Because we find no error in the trial court's judgment, we decline to address the peremptory exceptions.

The Jefferson Parish School Board is assessed the costs of this appeal.

**<u>AFFIRMED</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**OCTOBER 20, 2021** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES
NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

*Curtis B. Pursell*

**CURTIS B. PURSELL**
CLERK OF COURT

# 21-CA-67

### E-NOTIFIED

24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE JUNE B. DARENSBURG (DISTRICT JUDGE)
OLDEN C. TOUPS, JR. (APPELLANT)      GUICE A. GIAMBRONE, III (APPELLEE)      M. SUZANNE MONTERO (APPELLEE)
MICHAEL S. FINKELSTEIN (APPELLEE)    SCOTT L. STERNBERG (APPELLEE)

### MAILED

MICHAEL G. FANNING (APPELLEE)       RICHARD E. GRUNER, JR. (APPELLEE)      JOSEPH R. MARRIOTT (APPELLEE)
ATTORNEY AT LAW                     ATTORNEY AT LAW                        ATTORNEY AT LAW
238 HUEY P. LONG AVENUE             3421 NORTH CAUSEWAY BOULEVARD          935 GRAVIER STREET
POST OFFICE BOX 484                 SUITE 900                              SUITE 2020
GRETNA, LA 70054                    METAIRIE, LA 70002                     NEW ORLEANS, LA 70112