762 So.2d 261 (2000)
Judith Hager, Wife of/and Elm D. WOOD, Jr.
v.
Nancy S. Bonomolo, Wife of/and David BONOMOLO, Bonnabel Properties, Inc. and the Parish of Jefferson.
No. 00-CA-61.
Court of Appeal of Louisiana, Fifth Circuit.
May 30, 2000.
Rehearing Denied July 5, 2000.
Jesse L. Wimberly, III, Mandeville, Louisiana, Attorney for Defendant/Appellant, Bonnabel Properties, Inc.
Robert S. Hinyub, Jr., Scott C. Dusang, Harahan, Louisiana, Attorneys for Defendant/Appellee, The Parish of Jefferson.
Christopher M. Landry, Metairie, Louisiana, Attorney for Defendants/Appellees, Nancy S. Bonomolo, wife of/and David Bonomolo.
Arthur D. Dupre, Jr., Brian E. Sevin, Metairie, Louisiana, Attorneys for Plaintiffs/Appellees, Judith Hager, wife of/and Elm D. Wood, Jr.
*262 Panel composed of Judges THOMAS F. DALEY, MARION F. EDWARDS and CLARENCE E. McMANUS.
DALEY, Judge.
The defendant has appealed the trial court's denial of his Motions of Non-Joinder of Indispensable Parties, No Right of Action, No Cause of Action, and the granting of a partial Motion for Summary Judgment in favor of the plaintiff.

FACTS:
By Act of Dedication dated June 9, 1916, Alfred Bonnabel subdivided a large tract of land in Jefferson Parish into residential lots; this area became known as Bonnabel Place Subdivision. The dedication included language designating twelve foot alleyways running behind all and alongside some of the residential lots. Over the years, numerous houses were built in the subdivision and residents used the alleyways. In the late 1980's, the heirs of Alfred Bonnabel formed a corporation known as Bonnabel Properties, Inc. (Bonnabel). Thereafter, Bonnabel began to sell naked ownership of the alleyways to the various landowners in the subdivision.
On March 19, 1995, Nancy and David Bonomolo, defendants herein, purchased the alleyway behind their home located on Lots 7 and 8, Square 7 of Bonnabel Place Subdivision. On March 20, 1995, the Bonomolos purchased the alleyway which runs along side Lot 7. The Bonomolos then proceeded to have renovations performed on their home. Prior to the sale of the alleyways to the Bonomolos, the Woods, plaintiffs herein and owners of the Lots 29 and 30, which are located directly behind Lots 7 and 8, erected a fence which traversed a portion of the alleyways. On March 24, 1995, the Woods filed a Petition for Injunction against the Bonomolos, alleging the Bonomolos had torn down a portion of the Woods' fence, and were depriving the Woods of peaceable and uninhibited use of the alleyway. The Woods sought to enjoin the Bonomolos from dumping debris into the alleyway, blocking ingress and /or egress, and denying the Woods enjoyment and use of the alleyways. The Bonomolos answered with a general denial. A preliminary injunction was issued; it is unclear from the record what further action was taken relative to the injunction.
The Woods then filed a Supplemental and Amended Petition claiming that at the time of the dedication, Act 134 of 1896 mandated the subject alleyways be dedicated to public use. The petition further alleged that the Parish of Jefferson is the owner of the alleyways, and the Parish was added as a defendant. The petition also named Bonnabel Properties, Inc.(Bonnabel) as a defendant because it also asserted an ownership interest in the alleyway.
The Bonomolos answered the Supplemental and Amended Petition with a general denial and filed a Third Party Demand against Bonnabel, seeking a refund of their purchase price. In the Third Party Demand, the Bonomolos claim the Parish owned the alleyways due to the alleged public dedication.
The Parish answered the Plaintiffs' Petition and the Third Party Demand with a general denial. Bonnabel filed Exceptions of No Cause of Action, No Right of Action and Non-joinder of Necessary and Indispensable Parties. The Woods filed a Motion for Partial Summary Judgment, asking that the trial court find there was a valid public dedication of the alleyways.
The trial court denied Bonnabel's exceptions, and found there was no public dedication of the alleyways. The trial court further held the adjacent landowners were co-owners of the alleyways. It is from this judgment that Bonnabel has appealed.

DISCUSSION:
The Act of Dedication for the subdivision was attached to the plaintiff's petition. The dedication was executed by Alfred Bonnabel and references the subdivision plat which was prepared in 1915. Both the Act of Dedication and the plat were filed in the conveyance office for the Parish *263 of Jefferson on June 10, 1916. The plat contains an inscription by the parish surveyor which states this plat was prepared in accordance with Act 134 of the General Assembly of the State of Louisiana for the year 1896. The inscription further recommends, "the dedication of parks, boulevards, avenues, streets, alleys, and school sites to the Parish of Jefferson, La., for the use of the public ... in accordance with Act 134 of 1896." In the Act of Dedication, Mr. Bonnabel declared "alleys in the various squares are not dedicated to public use because they are intended solely for the use and convenience of the lot owners abutting on said alleys in each square." Thus, there is a clear conflict in the language of the certificate of the surveyor, which recommends the alleys be dedicated to the public, and in the formal dedication which specifically states that the alleys are not dedicated for public use, but are intended solely for the use and convenience of the adjacent lot owners.
Act 134 of 1896, which governed statutory dedication, was in effect at the time of the Bonnabel dedication. The act provided in pertinent part:
Section 1. Be it enacted by the General Assembly of the State of Louisiana; That whenever the owner or owners of any real estate situated in this State shall desire to lay off the same into squares or lots with streets or alleys between such squares or lots and with the intention of selling or offering for sale any of said squares or lots it shall be the duty of such owner or owners of such real estate, before selling any square or lot or any portion of same, to cause to be made and filed in the office of the Keeper of Notarial Records of the parish wherein such property is situated and copied into the Conveyance Record book of such parish, a correct map of the real estate so divided, which said map shall contain the following:
* * *
7. A formal dedication made by the owner or owners of the property or their duly authorized agent of all the streets, alleys and public squares or plats shown on the map to public use.
Although the Act provides that dedication of the property is complete upon the filing of the plat, the Act further provides that formal dedication of the streets, alleys and public squares may also be made by the owner. The intent to dedicate must be clearly established. Howard v. Louisiana Power & Light Co., 583 So.2d 503 (La.App. 5th Cir.1991).
In this case, we have a clear intent not to dedicate the alleyways to public use; rather they are to be used by the lot owners in each square. The language in the Act of Dedication does not transfer ownership of the alleyways; the language only grants a servitude of use to the adjacent lot owners. Based on the language in the Act of Dedication, we find the ownership of alleyways in the subdivision were not transferred to the public; rather, the ownership of the alleyways was retained by Mr. Bonnabel. The dedication merely transferred a servitude of use to the individual landowners. This interpretation is supported by the Supreme Court case of Parish of Jefferson v. Bonnabel Properties, Inc., 620 So.2d 1168 (La.1993), which noted in dicta that the "alleyways were dedicated strictly to the use of the lot owners adjacent to said alleyways." We cannot determine whether or not Bonnabel Properties, Inc. is the owner of each of the alleyways in the entire subdivision, because there may be issues of acquisitive prescription relative to each individual lot owner. Having held that Mr. Bonnabel retained ownership of the alleyways, we do not find that each lot owner in the subdivision is a necessary party to this action. Each lot owner may bring an action to determine if they have acquired the alleyway due to acquisitive prescription.
We do not have enough information before us to determine whether Bonnabel is the owner of the two alleyways which form the basis of this lawsuit. There is no *264 information as to whether the Woods or the Bonomolos exercised continuous use of the property which would have allowed either party to acquire the whole or a portion of the alleyway by acquisitive prescription. For this reason, this case is remanded to the trial court for a trial on the merits relative to ownership of the alleyways in question.
For the foregoing reasons, the portion of the trial court's judgment finding there was no public dedication of the alleyways is affirmed. The portion of the trial court's judgment finding the alleyways were conveyed to the adjacent lot owners is reversed; we hold naked ownership of the alleyways was not conveyed to the adjacent lot owners, only a servitude of use was conveyed to the adjacent lot owners. This matter is remanded to trial court for proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.