829 So.2d 517 (2002)
SOUTHERN SILK SCREEN, INC., Philip Bascle, Patsy Searcy, and Harry Mohre
v.
Jonathan KARDON.
No. 02-CA-515.
Court of Appeal of Louisiana, Fifth Circuit.
September 30, 2002.
*518 Bernard J. Bagert, Jr., Terence S. Zeigler, The Bagert Law Firm, New Orleans, LA, for Jonathan Kardon, Defendant-Appellant.
Kurt S. Blankenship, Robert I. Baudouin, Metairie, LA, for Southern Silk Screen, Inc., Philip Bascle, Patsy Searcy, and Harry Mohre, Plaintiffs-Appellees.
Panel composed of Judges THOMAS F. DALEY, MARION F. EDWARDS, and SUSAN F. CHEHARDY.
SUSAN M. CHEHARDY, Judge.
Defendant, Jonathan Kardon ("Kardon"), appeals the trial court's grant of plaintiffs' Motion for Summary Judgment. Because we find that the trial court granted a partial summary judgment, which was not certified as a final judgment as required by La. C.C.P. art. 1915(B), we dismiss this appeal.
At all times relevant to this litigation, Philip Bascle, Patsy Searcy, and Harry Mohre were the sole shareholders of Southern Silk Screen, Inc.,("SSS") a corporation qualified to do business in Louisiana. In 1990, Kardon began working for SSS. In 1998, Kardon left SSS. The circumstances of his departure as well as the nature of his relationship to SSS and its shareholders are at the core of this litigation.
On July 16, 1998, Bascle, Searcy, Mohre and SSS, (hereinafter "the plaintiffs'") filed a Petition for Declaratory Judgment, Injunctive Relief and Damages. Kardon reconvened against the plaintiffs and initiated a third-party demand against another SSS employee, Mark Mitchell.
On September 14, 2000, the plaintiffs, including third-party defendant, Mitchell, filed a Motion for Summary Judgment and Motion for Partial Summary Judgment with supporting documents. In sum, the plaintiffs asserted that the pleadings and documents raised no genuine issue of material fact that SSS was a Louisiana corporation, that no partnership existed between its shareholders and Kardon, that Kardon was not a shareholder of SSS, and that Kardon was an at-will employee of SSS. Further, plaintiffs contend that Kardon's reconventional demand lacked merit. The plaintiffs, however, noted that their claim against Kardon for damages caused by his interference with SSS's business was not ripe for summary judgment. After a hearing, the trial judge granted plaintiffs' Motion for Summary Judgment on September 11, 2001.
La. C.C.P. art. 1915(B), as amended in 1997, and as effective when this litigation was initiated, stated:
(1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, theories, or parties, whether in an original demand, reconventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless specifically agreed to by the parties or unless designated as a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for *519 the purpose of an immediate appeal. Any such order or decision issued may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties. (Emphasis added).
It is clear, although it was not entitled as such, that the judgment which the trial judge granted was only a partial summary judgment since the judgment did not address all of plaintiffs' claims or demands. Further, the trial judge did not certify that judgment as a partial final judgment. According to La. C.C.P. art. 1915(B)(2), that judgment does not, therefore, constitute a final judgment for appeal purposes. For that reason, we dismiss this appeal.
DISMISSED.