SOL GOTHARD, Judge.
Angela P. Shockley appeals from a decision of the trial court which denied her summary judgment, and granted summary judgment in favor of Anthony J. Pelicano, Jr., and finding that a document executed between the two parties was a contract of sale. Because we find that the trial judge granted a partial summary judgment, which was not certified as a final, we dismiss this appeal. La. C.C.P. art. 1915(B).
*184 This suit involves the Successions of Anthony John Pelicano, Sr. (deceased December 11, 1995) and Virginia Fairburn Pelicano (deceased June 16, 1996). The decedents had two children, the parties to this suit. On September 27, 2001, Mr. Pelicano, Jr. filed a Petition for Recordation and Execution of Statutory Testaments, seeking to open the successions of his parents.
On November 22, 2002, Mr. Pelicano filed a Petition for Specific Performance and to Enforce Contract and For Damages. In that petition, Mr. Pelican alleges that, in April of 1997, the parties entered into a contract in which Ms. Shockley agreed to sell any and all rights to her portion of the succession. He further alleges that he tendered, and she accepted, a cash advance of $14,000.00, with the balance to be paid once the value of the estate was settled and Ms. ^Shockley’s portion determined. He asserted that Ms. Shockley was to immediately open the succession; however, she failed to do so, and that he finally filed to open the succession in September of 2001. He further alleges that he has suffered damages as a result of Ms. Shockley’s failure to comply with the contract and to proceed with the succession. The petition prays that the contract be enforced as written, that the value of the estate be determined and that he be placed in possession of Ms. Shockley’s portion of the estate. He also requests damages for nonperformance of the contract.
Mr. Pelicano’s suit was consolidated with the succession proceedings on February 13, 2003. Thereafter, Ms. Shockley’s attorney filed for summary judgment, alleging that the agreement between her and her brother was a promissory note, subject to a liberative prescription of five years. Mr. Pelicano filed for summary judgment seeking a finding that the document at issue is a contract of sale. After a hearing, the trial court denied Ms. Shockley’s motion and granted the motion filed by Mr. Pelicano, ruling that the document at issue is a contract of sale. Ms. Shockley filed her appeal from this ruling.
La. C.C.P. art. 1915(B) provides that:
(1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories, whether in an original demand, reconventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.
In this case, the judgment granted by the trial court was only a partial summary judgment since the judgment did not address all of Mr. Pelicano’s claims or demands. Further, the judgment did not certify that judgment as a partial summary judgment. According to La. C.C.P. art. 1915(b), the judgment at issue does not constitute a final judgment for appeal purposes. Accord, Southern Silk Screen, Inc. v. Kardon, 02-515 (La.App. 5 Cir. 9/30/02), 829 So.2d 517.
*185 For the above discussed reasons, we dismiss this appeal.

DISMISSED.