| JAMES L. CANNELLA, Judge.
The Defendants, Alton and Juliette Wilson (the Wilsons) and Bonnabel Properties, Inc. (Bonnabel), appeal from the partial summary judgment granted in favor of the Plaintiffs, Maureen Marshall, wife of/and John Bloodworth, Jr. (the Blood-worths), Neala Sylvester Fontenot, Wanda Fontenot Bordelon, William Ray Fon-tenot and Rickie Joseph Fontenot (the Fontenots), finding that the Plaintiffs have acquired ownership through 30 years acquisitive prescription of the 12 foot wide alleyway along the rear and adjacent to their property. For the reasons which follow, we find that the Court lacks jurisdiction over the appeal and dismiss the appeal.
The Plaintiffs filed a petition in the Twenty-Fourth Judicial District Court for on October 9, 2001, requesting that the Court find them to be the owners of a 12 foot wide alleyway that is located along the rear and adjacent to their respective properties. They contend that after 30 years they have acquired ownership of the | ¡property through 30 year acquisitive prescription by maintaining the property within a fence. The Bloodworths are title owners of Lot 55-A in Square 45 of Bonna-bel Place Subdivision. The Fontenots are title owners of Lot 57-A in Square 45 of Bonnabel Place Subdivision. The Plaintiffs also requested that boundaries be fixed in accord with the Court’s determination of ownership of the subject property and that a permanent injunction issue against the Defendants enjoining them from entering upon or taking any action upon the property.
The alleyway in question is a 12 foot wide strip of land that runs between the rear boundaries of all the lots in the square. It was dedicated to the use of all the lot owners abutting the alleys in each square in 1916 when Alfred Bonnabel, the owner of a large tract of land, subdivided the property known as Bonnabel Place Subdivision and filed an Act of Dedication. Wood v. Bonomolo, 00-61 (La.App. 5th Cir.5/30/00), 762 So.2d 261, units denied, 00-2276 & 00-2345 (La.12/8/00), 776 So.2d 459. In the 1980’s, the heirs of Alfred Bonnabel formed a corporation known as Bonnabel Properties, Inc, the Defendant herein. Bonnabel began to sell naked ownership in the alleyways to various people, including, in 1999, to the Defendants herein, the Wilsons.
Sometime after purchasing the property, the Plaintiffs allege that the Wilsons removed the fence placed on the property by the Plaintiffs, prompting the instant suit. In response to the Plaintiffs’ suit, the Wil-sons filed an Exception of Non-joinder of Necessary and Indispensable Parties. They contend that the right of use of the alleyway belongs to all lot owners in the square and that they cannot be deprived of their right without being included in the lawsuit. They relied on a similar case wherein the same exception was granted and this Court denied writs. Rodriquez v. Bonnabel Properties, Inc., 450-131 Division F, Twenty-Fourth Judicial District Court, units denied, 94-0534 (La.App. 5th Cir.7/8/94). The Defendants also filed an answer and reconventional demand alleging that the LPlaintiffs did not have title to the property and had not acquired it through 30 year acquisitive prescription because the alleyways have been in continuous use by various lot owners. They argued in reconvention that, if the Plaintiffs are found to be the owners of the property, then they owe the Wilsons mone *17 tary damages caused to their garage and property due to trees in the alleyway. The trial court denied the exception.
Thereafter the Plaintiffs filed a motion for summary judgment, requesting that the Court declare them to be the owners of the property, having acquired it by 30 year acquisitive prescription. Further, they ask the Court to enjoin the Wilson’s from using the property upon finding that they have lost their right of use through 10 years of non-use. The Wilsons opposed the motion, arguing with supporting affidavits that several lot owners use the servitude in various areas in the square, thereby preventing the Plaintiffs from acquiring any part of the property encumbered with the servitude.
Following a hearing the trial court rendered judgment as follows:
IT IS ORDERED, ADJUDGED AND DECREED that the motion for summary judgment granting title ownership by 30 years acquisitive prescription filed on behalf of the Plaintiffs, Maureen Marshall, John Bloodworth, Neala Sylvester Fontenot, Wanda Fon-tenot Bordelon, William Ray Fontenot, and Rickie Joseph Fontenot, is hereby GRANTED.
IT IS ORDERED, ADJUDGED AND DECREED that the motion for summary judgment extinguishing the defendant’s right of use [sic] the servitude for ten years of nonuse filed on behalf of the Plaintiffs, Maureen Marshall, John Bloodworth, Neala Sylvester Fontenot, Wanda Fontenot B'ordelon, William Ray Fontenot, and Rickie Joseph Fontenot, is hereby DENIED.
It is from this judgment that the Defendants appeal. On appeal, the Defendants assigned six errors, arguing, among other things, that the trial court erred in finding that contiguous landowners to the subject alleyway and servitude were not necessary or indispensable parties. They- also argue that the trial court | fierred in finding that the Plaintiffs had acquired ownership of the property by 30 year acquisitive prescription because the Court. applied the wrong burden of proof and wrong- law. Finally, the Defendants note that the judgment is inconsistent because, if there was use of the alleyway in the past 10 years, then the Plaintiffs, who are precarious possessors, could not be declared owners of the property by 30 year acquisitive prescription. The Plaintiffs noted a procedural bar to our consideration of the case ón appeal by filing a Motion to Dismiss the appeal and pointing out that the judgment is not a final appealable judgment under La. C.C.P. art. 1915 and, therefore, had to be designated as final to be appealable, which it was not. ; ’
This Court acted on the Motion to Dismiss preliminarily by referring it to the merits. The case has now been docketed and assigned to a panel for review. Upon review, we find merit in the Plaintiffs’ motion that this Court lacks jurisdiction over the appeal.
La. C.C.P. art. Í915(B) provides that:
(1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories, whether in an original demand, recon-ventional demand, cross-claim, third party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of *18 fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.
In this case, the judgment granted by the trial court was only a partial summary judgment since the judgment did not resolve all of the Plaintiffs’ claims |fior demands nor the reconventional demands asserted by the Wilsons. Further, the judgment was not designated as a final judgment by the trial court after an express determination that there is no just reason for delay. Therefore, under La. C.C.P. art. 1915(B), the judgment at issue does not constitute a final judgment for appeal purposes. Southern Silk Screen, Inc. v. Kardon, 02-515 (La.App. 5th Cir.9/30/02), 829 So.2d 517.
Accordingly, for the reasons stated above, we find that the judgment rendered in this case is not a final appealable judgment and we lack jurisdiction over the appeal. The Motion to Dismiss the appeal is hereby granted and the case is remanded to the trial court for further proceedings. Costs of appeal are assessed against the Plaintiffs.
APPEAL DISMISSED; CASE REMANDED.