CLARENCE E. McMANUS, Judge.
^Angela Pelicano Shockley appeals from two judgments of the trial court, the first in favor of Anthony Pelicano, Jr., granting specific performance of a contract between the parties, and the second ordering that she be removed as the executrix of her parents’ estate. We affirm the decision of the trial court.
Mr. Anthony Pelicano, Sr. and his wife Virginia Fairburn Pelicano had two children, Anthony Pelicano, Jr. and Angela Shockley. They passed away on December 11, 1995 and June 16, 1996 respectively. In Mr. Pelicano’s will, he left his estate to his children, and appointed his daughter as executrix. In Mrs. Pelicano’s will, she left the forced portion of her estate to the children and the disposable portion of her estate to her husband. In the event that her husband predeceased her, she left the disposable portion of her estate to her son, Anthony, Jr. She appointed her husband as executrix of her estate.
In April of 1997, the parties signed the agreement that is the subject of this appeal. In September 2001, Ms. Shockley probated the wills, and was appointed executrix.
In November of 2002, Mr. Pelicano filed his petition for specific performance, seeking to enforce the contract between him and Ms. Shockley. The | -¡trial court rendered judgment finding the contract to be a contract of sale and Ms. Shockley appealed. The appeal was dismissed by this Court because the judgment at issue was not a final, appealable judgment. Pelicano v. Shockley, 04-45 (La.App. 5 Cir. 5/26/04), 876 So.2d 183. The trial court rendered a second judgment on January 6, 2005, in which it granted Pelicano’s motion to remove executrix, denied Ms. Shockley’s motion to vacate the summary judgment and granted specific performance of the contract at issue. The court further designated the judgment as final for purposes of immediate appeal. Ms. Shockley timely appealed from this judgment.
In this appeal, Ms. Shockley alleges that the trial court erred in finding that the agreement between the parties was an act of sale. She further requests that she be reinstated as the executrix for her parents’ estates.
The agreement at issue provides that:
This agreement is made between Anthony J. Pelicano, Jr., referred to as brother, and Angela Pelicano Shockley, referred to as sister, agree to partial settlement of parent’s Estate. Meaning, to buy Angela Pelicano Shockley’s portion out.
The current appraised amount of the estate, which includes one house located at 1324 Gardenia Drive, Metairie, Louisiana is documented at $108,000. (One Hundred Eight Thousand & no/100 dollars)
Anthony J. Pelicano Jr has on this date 4/17/97 made an advancement to the *250 Angela Pelicano Shockley totaling $14000 ( fourteen thousand $ no/100 dollars). The total value of advancements made to Angela Pelicano Shockley equals $14000. (fourteen thousand & no/ 100 dollars).
The value of the advancements made to date, as well as any advancements which may be made in the further, shall be deducted from the amount left of Angela Pelicano Shockley’s portion under the last will and testament of Anthony J Pelicano and Virginia F Pelicano, which has not to date been settled in court.
Mr. Pelicano contended, and the trial court agreed, that the above agreement was a contract of sale. On appeal, Ms. Shockley argues that the agreement above 14is not a sale, but rather evidences a loan from her brother to be deducted from her portion of the estate. She further argues that the document is not clear and explicit, and requires interpretation, and therefore this matter should not have been decided on summary judgment.
Summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action; the procedure is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966(A)(2). A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B).
Summary judgments are reviewed de novo on appeal. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730, 750. An appellate court thus asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover-appellant is entitled to judgment as a matter of law. Id.
Generally, where the words of a contract are clear, explicit, and lead to no absurd consequences, the meaning and intent of the parties must be sought within the four corners of the document and cannot be explained or contradicted by parol evidence. LSA-C.C. arts. 1848, 2046; Billingsley v. Bach Energy Corp., 22, 852 (La.App. 2 Cir. 10/30/91), 588 So.2d 786.
LSA-C.C. art. 2439 defines a sale as “a contract whereby a person transfers ownership of a thing to another for a price in money. The thing, the price, and the consent of the parties are requirements for the perfection of a sale.” A sale is perfect between the parties when they agree (consent) as to the thing sold and the [¡¡price. Alco Collections, Inc. v. Poirier, 952582 (La.App. 1 Cir. 9/27/96), 680 So.2d 735, 739, unit denied, 96-2628 (La.12/13/96), 692 So.2d 1067.
In this case, the contract between the parties meets all the criteria for a valid sale. The contract provides that the intent of the contract is for Mr. Pelicano to “buy out” Ms. Shockley’s share of the estate. The clear intent of this terminology is to effect a sale between the parties.
In this appeal, Ms. Shockley argues that the language of the document does not create a sale, and there is no use of the standard language to convey property, such as “sell” or “sale.” In the case of Billingsly, supra, the court noted that where the intent of the parties is clear, the fact that the parties did not use “standard” terminology will not defeat the contract. In that case, the parties used the term “consummated” to define the sale. The court said that “Any alleged ambiguity in the use of the term ‘consummated’ as opposed to the various other possible terms which could have been used, i.e. sold, pur *251 chased, perfected, etc., is purely a semantic difference without any distinction in definition.” Id. at 790. We find that the language used defines a sale, and not a loan.
There is no contract unless the parties agree that a price is paid. LSA-C.C. art. 2464. However, “The price may be left to the determination of a third person.” LSA-C.C. art. 2465. The price was set as the value of Ms. Shockley’s share of the estate, to be determined by the court in probating the estate. The contract further provides that Ms. Shockley as to be given $14,000.00 as an advance on the total purchase price, and that Mr. Pelicano would be given credit for that $14,000.00, and any other sums he might forward to her, when the purchase price was determined. Thus it appears that there was a valid contract of sale perfected between the parties, and the trial court did not err in granting Mr. Pelicano’s motion for summary judgment, seeking specific performance of the contract.
|fiWe find that the meaning and intent of the parties can be found within the four corners of this document, and this document shows the parties intent to confect a sale of Ms. Shockley’s interest in their parents’ estate to Ms. Pelicano, for the price of her share in the estate. Therefore, the trial court did not err granting summary judgment.
In her second allegation of error, Ms. Shockley alleges that the trial court erred in removing her as succession executrix. The court concluded that there was no need for an administrator, since the only viable asset was the house in the possession of Mr. Pelicano, and since Ms. Shockley had sold her interest in the succession and therefore in the house. The record also reflects Ms. Shockley attempted to list the succession property for sale, contrary to Mr. Pelicano’s interest and after the grant of summary judgment finding the contract to be a sale. The court is given much discretion in determining whether an executor or administrator should be removed. LSA-C.C.P. art. 3182. Having reviewed this record, we find no abuse of the trial court’s discretion in this case.
For the above discussed reasons, the decision of the trial court is affirmed. All costs are assessed against appellant.

AFFIRMED.