ROBERT M. MURPHY, Judge.
|¡>On appeal, appellant challenges the trial court’s grant of appellee’s motion for summary judgment. For the following reasons, we dismiss this appeal for lack of jurisdiction.
Appellant, J. Caldarera & Co., Inc. (“Caldarera”), contracted with appellee, Carlo Ditta, Inc.(“Ditta”), to provide concrete for placement of a foundation’s “shear-wall.” During the delivery of concrete, one of Ditta’s concrete plants was struck by lightning, interrupting the supply and delivery of the concrete and causing a cold joint in the concrete that had to be demolished and replaced. Caldarera refused to pay for the materials that were defective, and Ditta filed suit on open account on June 6, 2011.
On June 14, 2011, Caldarera reconvened against Ditta for breach of contract to recover damages for replacing the wall. Ditta filed an exception of prescription | sand, in the alternative, a motion for summary judgment on Caldarera’s reconven-tional demand.
On December 19, 2013, the trial court granted Ditta’s motion for summary judgment dismissing Caldarera’s reconventional demand for breach of contract, without reaching the exception of prescription. The trial court judgment included reasons that the defendant failed to indicate what written contractual provision required an uninterrupted supply of concrete and failed to demonstrate any material issue of fact that there was an oral agreement for same; that there was an adequate opportunity for discovery; and that the lightning strike of Ditta’s plant would qualify an as Act of God.
Defendant now seeks an appeal of the summary judgment ruling when plaintiffs suit on open account remains. Under La. C.C.P. art. 1915(A), a final judgment may be rendered and signed by the court, even though it may not grant the successful party all of the relief prayed for, or may not adjudicate all of the issues in the case. La. C.C.P. art. 1915(B) states that when a court renders a partial summary judgment as to less than all of the claims, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court. Although a grant of a summary judgment may be a final judgment, a summary judgment pursuant to La. C.C.P. art. 966(E) does not fall under La. C.C.P. art. 1915(A) but rather La. C.C.P. art. 1915(B). A summary judgment under La. C.C.P. art. 966(E) does not dispose of the entire case as to the parties though it may dispose of a particular issue or theory of recovery.
The judgment granting plaintiffs motion for summary judgment falls under La. *174 C.C.P. art. 1915(B)[1] in that it is a partial summary judgment not | immediately ap-pealable to this Court. The judgment did not dismiss plaintiff or defendant as a party but merely dismissed the defendant’s reconventional demand. In order to make this partial judgment final and, thus, ap-pealable, the trial court must have designated it as a final judgment. Since this did not occur, we lack jurisdiction over this appeal.
Accordingly, we dismiss the appeal.

APPEAL DISMISSED.

. La. C.C.P. art. 1915(B) provides:
(1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories against a party, whether in an original demand, recon-ventional demand, cross-claim, third-party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any such order or decision shall not constitute a final judgment for the purpose of an immediate appeal and may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.