FREDERICKA HOMBERG WICKER, Judge.
[^Appellants appeal the trial court’s granting of summary judgment in favor of a co-defendant on the issue of defense and indemnity. For the following reasons, we find this Court lacks appellate jurisdiction as the judgment appealed is not a final, appealable judgment. Accordingly, we dismiss this appeal and remand this matter to the trial court for further proceedings.
FACTUAL AND PROCEDURAL BACKGROUND ;
This litigation arises out of a September 23, 2010 rear-end accident involving three “UTV” or.golf cart buggies. On August 31, 2011, plaintiffs, Benjamin and Andrea Matherne, instituted an action against Lemoine Industrial Group, LLC (“Lem-oine Group”) and defendant-driver, Mr. Laborn Wells, for damages arising out of the accident, claiming that Mr. Wells was at fault and in the | ¡¡course and scope of his employment with Lemoine Group at the time of the accident.[1] On January 4,2012, .plaintiffs amended their petition, to name Advantage Human Resourcing, Inc. d/b/a Advantage Staffing. Plaintiffs claimed that, at the time of the accident, Mr. Wells was employed by both Lemoine Group and Advantage Staffing and, thus, that both are vicariously liable for plaintiffs’ injuries.
Advantage Staffing answered plaintiffs’ petition and also filed a cross-claim against Lemoine Group, asserting that Lemoine Group had a, duty to defend and indemnify Advantage Staffing and Mr. Wells against plaintiffs’ claims pursuant to contractual agreements (the “Temporary Staffing Agreement” and “Vehicle or Machinery Operator Release”) executed, between the parties and in effect at the time of the accident at issue. . .
*981 On July 1, 2013, Lemoine Group filed a motion for summary judgment with respect to the issue of defense and indemnity raised in Advantage Staffing’s and Mr. Wells’ cross-claim. Thereafter, Advantage Staffing and Mr. Wells also filed a motion for summary judgment, seeking a ruling that Lemoine Group in fact owed a duty to defend and indemnify them against plaintiffs’ claims.
On May 15, 2014, the trial court denied Advantage Staffing’s motion for summary judgment and granted summary judgment in favor of Lemoine Group, finding that Lemoine Group does not owe Advantage Staffing a duty to defend and indemnify against the claims at issue in this matter.
Defendants, Advantage Staffing and Mr. Wells, filed a notice of intent to apply for supervisory writs to this Court, seeking review of the trial court’s May 15, 2014 judgment. On June 3, 2014, Advantage Staffing and Mr. Wells also filed La Motion for Devolutive Appeal, seeking to appeal the trial court’s May 15, 2014 judgment. On June 11, 2014 the trial judge granted defendants’ motion for. devolutive appeal. In their brief to this Court, defendants, Advantage Staffing and Mr. Wells, assert that the trial court designated the May 15, 2014 judgment as final pursuant to La. C.C.P. art. 1915(B) on August 5, 2014, and, thus, claim that appellate jurisdiction is proper.

DISCUSSION

The judgment at issue in’ this case is a partial judgment because it disposes only of the issue of defense arid indemnity but does not address the issue of plaintiffs’ damages.
A partial judgment may be a final judgment even if it does hot grant the successful party all of the relief prayed for or adjudicate all of the issues in the case: La. C.C.P. art. 1915(A). La. C.C.P. art. 1915(A) lists partial judgments that are final. That list includes a trial court grant of “a motion for summary judgment, as provided by'[Louisiana Code of Civil Procedure] Articles 966 through 969, but not including a summary judgment granted pursuant to. [Louisiana Code of Civil Procedure] Article 966(E).” La. C.C.P. art. 1915(A)(3)! '
La. C.C.P. art. 966(E) provides for the grant.of summary judgments in favor of any pne or more of the parties to the litigation that are “dispositive of a particular issue, theory of recovery, cause of action, or defense” even if the grant of “the summary judgment does not dispose of the entire case.”
Nevertheless, even if a partial summary judgment does not qualify as a final judgment under La. C.C.P. art. 1915(A)(3), it may still constitute a final judgment for the purpose of an immediate appeal if it is designated as a final judgment by the trial court after an express determination that there is no 'just reason' for delay. La. C.C.P. art. 1915(B)(i). However, in the absence of such a designation, such a | ¡¡.judgment1 “shall not constitute a final judgment for the purpose of an immediate appeal.”t La. C.C.P. art. 1915(B)(2); see also Pontchartrain Tavern, Inc. v. Johnson, 07-115 (La.App. 5 Cir. 8/28/07), 966 So.2d 1062, 1063-64.
The partial summary judgment at issue in this nase does not dispose of, the entire litigation, but only resolves the issue: of defense and' indemnity between codefen-damts. Therefore, it is not a partial final judgment as contemplated by La. C.C.P. art. 1915(A).[2] However, even if a judg *982 ment does not dispose of all matters at issue in a litigation, the trial court may designate a partial judgment final pursuant to La. C.C.P. art, 1915(B).[3]
In their appellate brief, defendants, Advantage Staffing and Mr. Wells, assert that on August 5, 2014, the trial court did in fact designate the May 15, 2014 judgment at issue a final, appealable judgment pursuant to La. C.C.P. art. 1915(B). However, the appellate record does not contain the August 5, 2014 judgment designating the May 15, 2014 judgment as final pursuant to La. C.C.P. art. 1915(B). Because defendants-appellants 'herein failed to supplement the appellate | (¡record to include the August 5, 2014 judgment, it cannot be considered by this Court.[4]
Accordingly, the record before us reflects that the judgment appealed is not a final, appealable judgment and, thus, this Court lacks appellate jurisdiction to consider the merits of defendants’ appeal. Furthermore, we additionally point out that this Court has previously considered, on a de novo review, the May 15, 2014 judgment at issue in this appeal. On July 16, 2014, this Court considered defendant’s writ application and, in denying defendants’ writ, stated: “[ajfter a de novo review of the writ application and attachments, we find the trial court did not err in its rulings on the cross-motions for summary judgment.”
We, therefore, dismiss this appeal and remand this matter to the trial court for further proceedings.

APPEAL DISMISSED

. In September, of 2011, the trial court consolidated this matter with another matter in the Twenty-Fourth Judicial District Court arising out of the same accident, Shantell Rudolph and Debra Billiot v. Lemoine, Industrial Group, LLC and Laborn Wells, case no. 705-785.

. La. C.C.P. art. 1915(B) provides:
A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or. may not adjudicate all of the issues in the case, when the court:
*982 (1) Dismisses the suit as to less than all of the parties, defendants, third party plaintiffs, third party defendants, or intervenors.
(2) Grants a motion for judgment on the pleadings, as provided, by Articles 965, 968, and 969.
(3) Grants a motion for summary judgment, as provided by Articles 966 through 969, but not including a summary judgment granted pursuant to Article 966(E).
(4) Signs a judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1038.
(5) Signs a judgment on the issue of liability when'that issue has been tried separately by the court, or when, in a jury trial, the issue of liability has been tried,before a juiy and the issue of damages is to be tried before a different jury.
(6) Imposes sanctions or disciplinary action pursuant to Article 191', 863, or 864 or Code, of Evidence Article 510(G).

. La.C.C.P. art. 1915(B) provides:
(1) When a court renders a partial judgment or partial summary ■ judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories against a party, whether in an originál demand, reconventional demand, cross-claim, third-party claim, Or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay. (2) In the absence of such a determination and designation, any such order or decision shall not constitute a final judgment for the purpose of an immediate appeal and may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

. Defendant’s appellate brief further lists the August 5, . 2014 judgment as an exhibit attached to their brief; however, the exhibit was not actually attached to their brief. Nonetheless, an appellate court cannot consider documents attached to briefs that have not been formally introduced into evidence or made part of the appellate record. Boes Iron Works, Inc. v. Travelers Cas. & Sur. Co. of Am., 05-782 (La.App. 5 Cir. 3/28/06), 927 So.2d 553, 556.