COUNSEL FOR PLAINTIFF/APPELLANT, LAUREN HOLMES, Matthew A. Moeller
COUNSEL FOR DEFENDANT/APPELLEE, MINTU AND APARNA PAUL, Scott M. Galante, Salvador I. Bivalacqua, Kenner, Lauren B. Griffin
COUNSEL FOR DEFENDANT/APPELLEE, KARA BREITHAUPT, Gus A. Fritchie, III, New Orleans
COUNSEL FOR DEFENDANT/APPELLEE, JAMES ADAMS, Gary J. Giepert, New Orleans, Jonathan S. Giepert
Panel composed of Judges Susan M. Chehardy, Fredericka Homberg Wicker, and Robert A. Chaisson
WICKER, J.
Plaintiff, Lauren Holmes, appeals the trial court's judgment, granting summary judgment in favor of defendants, Mintu and Aparna Paul ("the Pauls"). For the following reasons, we find that the judgment at issue is not a final, appealable judgment and we lack jurisdiction to consider the merits of the appeal. We therefore dismiss the appeal and remand this matter to the trial court for further proceedings.
PROCEDURAL AND FACTUAL BACKGROUND
This litigation arises out of a "Louisiana Residential Agreement to Buy or Sell" Ms. Holmes' property in Metairie, Louisiana. On June 23, 2016, Ms. Holmes filed suit against the Pauls, asserting breach of contract and detrimental reliance claims for damages arising out of the Pauls' cancellation of the contract. Ms. Holmes alleged that, after multiple amendments to the terms or conditions of the contract, including one amendment to extend the act of sale date, the Pauls unilaterally and improperly cancelled the contract. She further alleged that the Pauls' assertions and representations through their real estate agent concerning extending the act of sale date a second time, lulled Ms. Holmes into a failure to act and amend the contract to extend the act of sale date.
*827 On March 17, 2017, the Pauls filed an Answer to Ms. Holmes' petition, contending that the conditions of the contract, including the appraisal price and the act of sale date, were not met and, thus, cancellation of the contract was proper. The Pauls further filed a reconventional demand against Ms. Holmes, seeking return of the $1,000.00 deposit submitted pursuant to the contract. The Pauls further filed a third-party demand against the two real estate agents involved in the negotiation of the contract, Mr. Adams and Ms. Breithaupt, for breach of their fiduciary duties and negligent misrepresentation relating to negotiation of the terms of the contract.
On November 6, 2017, the Pauls filed a motion for summary judgment seeking dismissal of Ms. Holmes' claims against them. Third-party defendants, Ms. Breithaupt and Mr. Adams, each also filed a motion for summary judgment, contending first that Ms. Holmes' claims should fail because no written extension of the act of sale date occurred, as required under the contract, and, thus, the sale is unenforceable. Second, the third-party defendants claimed that no genuine issue of material facts existed and that neither of the agents breached any fiduciary duty in their representation of their clients, Ms. Holmes and the Pauls.
On December 13, 2017, following a hearing, the trial judge issued a judgment, granting the summary judgments filed by third-party defendants, Ms. Breithaupt and Mr. Adams, as well as the summary judgment filed by defendants, the Pauls. The December 13, 2017 judgment did not consider or determine the merits of the Pauls' reconventional demand against Ms. Holmes.
Ms. Holmes filed a Motion and Order for Devolutive Appeal, seeking review of "the final judgment rendered in favor of defendants, Mintu and Aparna Pauls[sic]." On January 4, 2018, the trial court, on Ms. Holmes' motion, stayed the trial of the reconventional demand pending determination of this appeal.
DISCUSSION
Before considering the merits in any appeal, appellate courts have the duty to determine sua sponte whether subject matter jurisdiction exists, even when the parties do not raise the issue. Jefferson Par. Sch. Bd. v. TimBrian, LLC , 17-668 (La. App. 5 Cir. 03/28/18), 243 So.3d 749, 751, citing Input/Output Marine Sys. v. Wilson Greatbatch Techs., Inc. , 10-477 (La. App. 5 Cir. 10/29/10), 52 So.3d 909, 910 (quotations omitted). This Court cannot determine the merits of an appeal unless our appellate court jurisdiction is properly invoked by a valid, final judgment. Id.
A partial judgment may be a final judgment even if it does not grant the successful party or parties all of the relief prayed for or adjudicate all of the issues in the case. La. C.C.P. art. 1915(A) ; Matherne v. Lemoine Indus. Grp., LLC , 14-572 (La. App. 5 Cir. 10/15/14), 182 So.3d 979, 981. La. C.C.P. art. 1915(A) provides that certain partial judgments may be considered final. Specifically, La. C.C.P. art. 1915(A) provides that a trial court's grant of "a motion for summary judgment, as provided by [Louisiana Code of Civil Procedure] Articles 966 through 969, but not including a summary judgment granted pursuant to [Louisiana Code of Civil Procedure] Article 966(E)" is considered a final, appealable judgment. La. C.C.P. art. 1915(A)(3). La. C.C.P. art. 966(E) provides for the grant of summary judgments in favor of any one or more of the parties to the litigation that are "dispositive of a particular issue, theory of recovery, cause of action, or defense" even if the grant of "the summary judgment does not dispose of the entire case." See Matherne, supra .
Nevertheless, even if a partial summary judgment does not qualify as a final judgment *828 under La. C.C.P. art. 1915(A)(3), it may still constitute a final judgment for the purpose of an immediate appeal if it is designated as a final judgment by the trial court after an express determination that there is no just reason for delay. La. C.C.P. art. 1915(B)(1). However, in the absence of such a designation, such a judgment "shall not constitute a final judgment for the purpose of an immediate appeal." La. C.C.P. art. 1915(B)(2) ; see also Pontchartrain Tavern, Inc. v. Johnson , 07-115 (La. App. 5 Cir. 8/28/07), 966 So.2d 1062, 1063-64.
In this case, the judgment at issue as to appellant, Ms. Holmes, is not a final, appealable judgment.[1] Although the judgment at issue considered and dismissed all claims asserted by Ms. Holmes' petition in the main demand, the judgment does not consider nor make any determination on the merits of the Pauls' reconventional demand. This Court has consistently held that a judgment on the determination of a principal demand between parties that does not consider or dispose of a reconventional demand between the same parties is not a final, appealable judgment under La. C.C.P. art. 1915(A) and must be designated as final pursuant to La. C.C.P. art. 1915(B). See Jefferson Parish Sch. Bd. v. TimBrian, L.L.C. , 17-668 (La. App. 5 Cir. 3/28/18), 243 So.3d 749 ; Jackson v. Sumlin , 16-96 (La. App. 7/7/16), 196 So.3d 902 ; Hancock Bank of La. v. 3429 H, L.L.C., 15-355 (La. App. 5 Cir. 1/13/16), 184 So.3d 274 ; Vince v. Koontz , 15-301 (La. App. 5 Cir. 12/9/15), 182 So.3d 333 ; Carlo Ditta, Inc. v. J. Caldarera & Co. , 14-116 (La. App. 5 Cir. 4/9/14), 140 So.3d 173.[2] Because the summary judgment in favor of the Pauls was never designated as a final judgment by the trial court after an express determination that there is no just reason for delay pursuant to La. C.C.P. art. 1915(B), we find that the judgment is not a final, appealable judgment and, thus, we lack appellate jurisdiction to consider the merits of the appeal. Accordingly, we dismiss the appeal and remand the matter to the trial court for further proceedings.
APPEAL DISMISSED; REMANDED

Although the judgment at issue is final and appealable as to the third-party defendants, Mr. Adams and Ms. Breithaupt, who were dismissed from the litigation, Ms. Holmes did not appeal that portion of the judgment. Ms. Holmes motion for appeal specifically states that she sought to appeal only "the final judgment rendered in favor of defendants, Mintu and Aparna Pauls[sic]."

We recognize a potential conflict between the Circuit Courts of Appeal on this issue. The First Circuit, in dicta , has opined that a judgment dismissing a reconventional demand or a principal demand alone is a final, appealable judgment under La. C.C.P. art. 1915(A) and that designation of the judgment under La. C.C.P. art. 1915(B) is unnecessary. In so holding, the First Circuit reasoned that a reconventional demand is a separate "action" or suit as contemplated under La. C.C.P. art. 421 and, thus, dismissal of either the principal demand or reconventional demand is dismissal of the entire case as contemplated under La. C.C.P. art. 1915. See Jalou II, Inc. v. Liner , 10-0048 (La. App. 1 Cir. 6/16/10), 43 So.3d 1023, 1031, n. 5.