LILJEBERG, J.
Plaintiffs seek review of the trial court's judgment sustaining defendant's exception of prescription and dismissing plaintiffs' claims with prejudice. Defendant has answered the appeal, seeking an order of sanctions and damages, including costs and attorney fees, on the grounds that plaintiffs' appeal is frivolous. It also asks this Court to enter judgment on its exceptions of no cause of action and no right of action.
After review of the matter before us, we find that the judgment at issue is not a final judgment, and we lack jurisdiction to consider the merits of the appeal. Accordingly, we dismiss the appeal and remand this case to the trial court for further proceedings. We also deny defendant's motion to strike plaintiffs' brief and its motion to dismiss the appeal, on other grounds, as they are now moot.
FACTS AND PROCEDURAL HISTORY
On November 20, 2009, plaintiffs, Katherine De Jean Richardson, Patrick Jude DeJean, and Romano Wholesale Liquor Company, Inc. ("Romano Wholesale") filed this lawsuit against Capitol One, N.A. ("Capitol One"), Hibernia National Bank, ABC Insurance Company, and Diane Fennidy, seeking damages arising from the mismanagement or conversion of over $1.3 million allegedly deposited into Romano Wholesale's corporate account at Hibernia National Bank, now Capitol One, by Marcel DeJean, the father of Katherine and Patrick Jude DeJean. Capitol One filed exceptions of prescription, no cause of action, and no right of action. After a hearing on August 25, 2010, the trial court granted the exception of prescription and dismissed plaintiffs' claims in a judgment dated September 1, 2010. Plaintiffs filed an appeal with this Court.
On appeal, this Court issued an opinion on June 14, 2011, affirming the trial court's judgment granting the exception of prescription.
*210 DeJeanRichardson v. Capitol One, N.A. , 11-30 (La. App. 5 Cir. 6/14/11), 91 So.3d 304, vacated on rehearing , 11-30 (La. App. 5 Cir. 6/14/11), 91 So.3d 304. Thereafter, Romano Wholesale filed an application for rehearing, alleging that Patrick DeJean had discovered a letter from Ms. Fennidy to Marcel DeJean dated February 22, 1999, regarding the $1.3 million deposit, and arguing that it was newly discovered evidence which affected the Court's ruling on the exception of prescription. On rehearing, this Court vacated its June 14, 2011 opinion and remanded for the trial court to hold a hearing to determine whether the letter constitutes newly discovered evidence and whether it should be admitted into evidence. Id.
On remand, plaintiffs filed supplemental and amended petitions setting forth additional claims arising from the newly discovered letter. Capitol One filed renewed exceptions of prescription, no cause of action, and no right of action. In October of 2012, the trial court held a hearing on whether the letter constitutes newly discovered evidence and on Capitol One's renewed exceptions. Thereafter, in December of 2012, the trial court denied Capitol One's exceptions. The court also ruled that the letter was an authentic copy of an original letter signed by Ms. Fennidy, that it was newly discovered evidence, and that it was admissible under La. C.E. art. 1004.
On June 3, 2014, Capitol One filed a reconventional demand against plaintiffs, asserting that it had retained a certified forensic document examiner who concluded that the Fennidy letter was not genuine, but rather was a "contrived document," and setting forth claims of fraud, abuse of process and conspiracy. In January of 2017, Capitol One filed a motion for summary judgment seeking dismissal of plaintiffs' claims on the grounds that the Fennidy letter was not authentic. In a judgment dated April 25, 2017, the trial court granted partial summary judgment in favor of Capitol One, finding that, as a matter of law, "the document that purports to be a February 22, 1999 letter from Diane Fennidy to Mr. DeJean is indeed a fake."
On June 19, 2017, Capitol One filed a "Reurged Exception of Prescription, of No Cause of Action, and of No Right of Action." The trial court held a hearing on the reurged exceptions on October 3, 2017, and took the matter under advisement. On October 16, 2017, the trial court signed a judgment granting Capitol One's exception of prescription and dismissing plaintiffs' claims with prejudice.
Plaintiffs filed an appeal seeking review of the trial court's October 16, 2017 judgment. Capitol One answered the appeal asking this Court to sustain its exceptions of no cause of action and no right of action, award damages to Capitol One including attorney fees and costs, and requesting sanctions be imposed against plaintiffs. In this Court, Capitol One has also filed a motion to strike plaintiffs' brief and to impose sanctions against plaintiffs and/or their counsel. They have also filed a motion to dismiss the appeal asserting several grounds for dismissal, including that the order of appeal is deficient, plaintiffs failed to timely pay estimated costs of appeal, and plaintiffs failed to timely move to designate portions of the record.
After reviewing the pleadings in the record before us, we note that the trial court's judgment does not resolve all of the claims involved in this case, including those set forth in Capitol One's recoventional demand. We further note that the trial court's judgment is not designated as final pursuant to La. C.C.P. art. 1915(B)(1). Accordingly, for the reasons set forth below, we find that this Court lacks appellate jurisdiction to consider the merits of this case.
*211 DISCUSSION
An appellate court has the duty to determine sua sponte whether subject matter jurisdiction exists, even if the parties do not raise the issue. Jefferson Parish School Board v. TimBrian, L.L.C. , 17-668 (La. App. 5 Cir. 3/28/18), 243 So.3d 749, 751 ; Input/Output Marine Sys. v. Wilson Greatbatch Techs., Inc. , 10-77 (La. App. 5 Cir. 10/29/10), 52 So.3d 909, 910. An appellate court cannot determine the merits of an appeal unless its jurisdiction is properly invoked by a valid final judgment. La. C.C.P. art. 2083 ; Creighton, Richards & Higdon, L.L.C. v. Richards Clearview, L.L.C. , 09-247 (La. App. 5 Cir. 10/29/09), 28 So.3d 391, 393.
La. C.C.P. art. 1915(A) provides that certain partial judgments may be considered final, even if they do not grant the successful party all of the relief prayed for or adjudicate all of the issues in the case. Matherne v. Lemoine Indus. Grp., L.L.C. , 14-572 (La. App. 5 Cir. 10/15/14), 182 So.3d 979, 981. A final judgment may be rendered and signed by the court, even though it may not grant the successful party all of the relief prayed for, or may not adjudicate all of the issues, when the court dismisses the suit as to less than all of the parties, defendants, third party plaintiffs or defendants, or intervenors. La. C.C.P. art. 1915(A)(1).
The judgment at issue in this appeal does not meet the criteria to be considered final under La. C.C.P. art. 1915(A)(1). Nevertheless, even if a partial judgment does not qualify as a final judgment under La. C.C.P. art. 1915(A), it may still constitute a final judgment for the purposes of an immediate appeal if it is designated as a final judgment by the trial court after an express determination that there is no just reason for delay. La. C.C.P. art. 1915(B)(1). However, in the absence of such a designation, such a judgment shall not constitute a final judgment for the purpose of an immediate appeal. La. C.C.P. art. 1915(B)(2) ; Holmes v. Paul , 18-140 (La. App. 5 Cir. 8/29/18), 254 So.3d 825, 2018 WL 4100777, 2018 La. App. LEXIS 1645.
In the present case, although the claims set forth in plaintiffs' petition in the main demand have been dismissed, the judgment does not make any determination on the merits of Capitol One's reconventional demand. This Court has consistently held that a judgment on the determination of a principal demand that does not dispose of a reconventional demand between the same parties is not a final, appealable judgment under La. C.C.P. art. 1915(A) and must be designated as final pursuant to La. C.C.P. art. 1915(B). See Holmes v. Paul , supra ; Jackson v. Sumlin , 16-96 (La. App. 5 Cir. 7/7/16), 196 So.3d 902 ; Hancock Bank of La. v. 3429 H, L.L.C. , 15-355 (La. App. 5 Cir. 1/13/16), 184 So.3d 274, writ denied , 16-453 (La. 4/22/16), 191 So.3d 1038 ; Vince v. Koontz , 15-301 (La. App. 5 Cir. 12/9/15), 182 So.3d 333.
In this case, because the judgment granting Capitol One's exception of prescription and dismissing plaintiffs' claims in the main demand did not address the claims of the reconventional demand and was never designated as final by the trial court after an express determination that there is no just reason for delay pursuant to La. C.C.P. art. 1915(B), we find that the judgment is not a final, appealable judgment and, thus, we lack appellate jurisdiction to consider the merits of the appeal. Accordingly, we dismiss the appeal and remand to the trial court for further proceedings.
Considering our finding that the appeal must be dismissed for lack of appellate jurisdiction, we find that Capitol One's motion *212 to dismiss the appeal on other grounds, as well as its motion to strike plaintiffs' brief, are moot.
DECREE
For the foregoing reasons, we dismiss the appeal and remand to the trial court. We further deny Capitol One's motion to dismiss the appeal and its motion to strike plaintiffs' brief, finding both to be moot.
APPEAL DISMISSED; REMANDED MOTION TO DISMISS AND MOTION TO STRIKE DENIED AS MOOT