JEFF RIZZO AND BIG EASY CATERING AND EVENTS, LLC D/B/A SHENANIGANS KITCHEN AND COCKTAILS

VERSUS

LOUISIANA OFFICE OF ALCOHOL AND TOBACCO CONTROL

NO. 21-CA-304

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 815-459, DIVISION "O"
HONORABLE DANYELLE M. TAYLOR, JUDGE PRESIDING

January 20, 2022

**PER CURIAM**

Panel composed of Judges Jude G. Gravois,
Robert A. Chaisson, and Hans J. Liljeberg

<u>**REMANDED WITH INSTRUCTIONS**</u>
    **JGG**
    **RAC**
    **HJL**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Lalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
JEFF RIZZO AND BIG EASY CATERING AND EVENTS, LLC D/B/A
SHENANIGANS KITCHEN AND COCKTAILS
        Joseph J. Long

COUNSEL FOR DEFENDANT/APPELLANT,
LOUISIANA OFFICE OF ALCOHOL AND TOBACCO CONTROL
        Jon Francis Carmer, Jr.
        Linda Pham-Kokinos
        Heather M. Royer

AMICUS CURIAE,
JEFF LANDRY, IN HIS OFFICIAL CAPACITY AS ATTORNEY GENERAL OF
THE STATE OF LOUISIANA
        Benjamin W. Wallace
        Jeffrey M. Landry
        Elizabeth B. Murrill

# INTERIM PER CURIAM OPINION

The Louisiana Office of Alcohol and Tobacco Control (the "ATC") appeals the trial court's April 15, 2021 judgment rendered following trial on a petition for a *de novo* appeal filed in the district court by plaintiffs, Jeff Rizzo and Big Easy Catering and Events, LLC d/b/a Shenanigans Kitchen and Cocktails ("Shenanigans") subsequent to an administrative hearing conducted by the ATC which resulted in the suspension of Shenanigans' alcohol beverage permit. Upon review of the record and the applicable law, we find that the judgment under review is a partial final judgment that is not immediately appealable because it was not designated by the trial court as a final judgment after an express determination that there is no just reason for delay, as per La. C.C.P. art. 1915(B). Accordingly, we invoke our supervisory jurisdiction and remand the matter to the trial court with instructions as set forth below.

## FACTS AND PROCEDURAL BACKGROUND

On November 21, 2020, between 1:00 a.m. and 1:30 a.m., ATC agent Timothy Magee visited Shenanigans' establishment, which is located in Jefferson Parish at 4612 Quincy Street in Metairie, specifically to check Shenanigans' compliance with COVID restrictions as per the Governor's Proclamation 158 JBE 2020, which contained COVID restrictions applicable to many business establishments, including bars such as Shenanigans, that were in effect on that date. The COVID restrictions were established by a series of executive orders ("proclamations") promulgated by Governor John Bel Edwards starting in March of 2020 in response to the ongoing public health emergency caused by the SARS-COVID-19 virus global pandemic, in accordance with his authority under the Louisiana Constitution of 1974, the Louisiana Homeland Security and Emergency

Assistance and Disaster Act (La. R.S. 29:721, *et seq.*), and the Louisiana Health Emergency Powers Act (La. R.S. 29:760, *et seq.*).[1]

Pertinent to this case, the various proclamations, including the two at issue here (158 JBE 2020 and 17 JBE 2021), set forth regulations and restrictions directed at business establishments, which were designed to mitigate the spread of the virus by, among other things, setting capacity limits, reducing business hours, requiring social distancing measures, mandating mask usage, and other activity restrictions at all manner of business establishments where people tend to congregate in significant numbers or in enclosed physical spaces, such as bars and restaurants, churches, hair salons and barber shops, casinos, racetracks, video poker establishments, shopping malls, athletic events, and gyms and athletic facilities. Specific to bars and restaurants with alcohol beverage permits, such as Shenanigans, additional restrictions on business activities were enacted where these establishments could not sell or serve alcohol after 11:00 p.m., and the sale and service of alcohol to patrons had to be tableside with patrons remaining seated and masked, unless consuming food or drink.

When ATC agent Magee visited Shenanigans on November 21, 2020, it was after business hours. Based on his personal observations, Agent Magee determined that Shenanigans was in violation of COVID restrictions by having non-employees inside the bar after hours and selling alcohol after 11:00 p.m., as well as people not wearing masks. Agent Magee proceeded to issue a Notice of Suspension to Shenanigans, dated November 21, 2020, citing Shenanigans for violations of "158 JBE 2020; La. R.S. 26:90A(9); La. R.S. 26:90A(13) & La. R.S. 26:286A(13); and

---

[1] The Governor declared a public health emergency on March 11, 2020 in Proclamation Number 25 JBE 2020 in response to the threat posed by COVID-19. The Governor has since issued a number of successive proclamations in response to the ongoing and evolving nature of the public health emergency.

La. R.S. 26:91A(1) and 26:287A(8),"[2] immediately and summarily suspending Shenanigans' alcohol beverage permit, and directing Shenanigans to appear at an administrative hearing before the ATC Commissioner on December 9, 2020.

On December 3, 2020, the parties entered into a consent agreement in lieu of the administrative hearing which allowed Shenanigans to pay $1,500 in fines and reopen immediately. The Commissioner's Order issued pursuant to the consent agreement imposed a 60-day suspension of Shenanigans' alcohol beverage permit, with 13 of those days being active and the remainder being deferred and subject to a probationary period to "extend for as long as the current COVID-19 pandemic necessitates the issuance of Executive Orders and/or Proclamations by the Governor's Office concerning the operations of businesses within the State of Louisiana." The consent agreement stated that the 47-day deferred portion of the suspension period would be immediately imposed if Shenanigans was found, after notice and hearing, to be in violation of "any mandate contained within an

---

[2] La. R.S. 26:90(A)(9) and (A)(13) states: "No person holding a retail dealer's permit, and no person permitted to sell alcoholic beverages at retail to consumers, and no agent, associate, employee, representative, or servant of any such person shall do or permit any of the following acts to be done on or about the licensed premises: … (9) Fail to keep the premises clean and sanitary. … [and] (13) Permit any disturbance of the peace or obscenity, or any lewd, immoral, or improper entertainment, conduct, or practices on the licensed premises."

Testimony at the trial *de novo* established that the "sanitary" violations Agent Magee cited were violations of the Governor's Proclamation's COVID restrictions by failing to observe social distancing and failing to wear masks.

La. R.S. 26:286(A)(13) states: "No person holding a retail dealer's permit, and no person permitted to sell alcoholic beverages at retail to consumers, and no servant, agent, or employee of the permittee shall do any of the following acts upon the licensed premises: … (13) Permit any disturbance of the peace or obscenity, or any lewd, immoral, or improper entertainment, conduct, or practices on the licensed premises."

Testimony by Agent Magee at the trial *de novo* established that the "improper conduct" and "practices" were the same COVID violations.

La. R.S. 26:91(A)(1) states: "In addition to any other causes enumerated in this Chapter, the commissioner may suspend or revoke any permit for any one of the following causes: (1) If the applicant or any of the persons who must possess the same qualifications failed to possess the qualifications required in R.S. 26:80 at the time of application or fails to maintain such qualifications during the licensed year."

La. R.S. 26:287(A)(8) states: "In addition to any other causes enumerated in this Chapter, the commissioner may suspend or revoke any permit for any of the following causes: … (8) If the applicant or any of the persons who must possess the same qualifications failed to possess the qualifications required in R.S. 26:280 at the time of application or fails to maintain such qualifications during the licensed year."

Executive Order and/or Proclamations issued by the Governor's Office during the probationary period."

On February 16, 2021, which was Mardi Gras day, Agent Magee again visited Shenanigans, this time accompanied by one of Jefferson Parish's Quality of Life inspectors. At this time, a successive Proclamation, 17 JBE 2021, was in effect, which provided for "Modified Phase 2" COVID restrictions similar to those previously in effect on November 21, 2020 under Governor's Proclamation 158 JBE 2020. The agents observed behavior and activity that they determined were in violation of currently applicable COVID restrictions. On February 17, 2021, the ATC formally issued a Notice of Suspension to Shenanigans, summarily suspending Shenanigans' alcohol beverage permit. The Notice of Suspension cited Shenanigans as being in violation of "2 Counts (2nd Offense) – La. R.S. 26:90A(13) & 26:286(13)f for permitting … improper conduct or practices on the licensed premises;·(2nd Offense) La. R.S. 26:90A(9) for having unclean and unsanitary conditions on premises; and (2nd Offense)[3] – La. R.S. 26:91A(1) & 26:287A(8) for failing maintain qualifications required in R.S. 26:80 & 26:280; ATC records indicate that the prior infractions occurred on 11/21/2020."[4]

A mandatory administrative hearing was held on February 25, 2021 before Ernest P. Legier, Jr., Commissioner of the ATC. Commissioner Legier ultimately determined that there was sufficient evidence to show that Shenanigans had violated the terms of the consent agreement the parties had entered into on December 3, 2020, by again violating applicable COVID restrictions. According to Shenanigans' petition for a *de novo* appeal, the Suspension Order listed the

---

[3] The "sanitary" violations were, again, violations of the COVID restrictions concerning social distancing and mask usage.

[4] La. R.S. 26:80(A)(1) states: "Applicants for state and local permits of all kinds shall demonstrate that they meet all of the following qualifications and conditions: (1) Be a person of good character and reputation and over eighteen years of age. In considering a person's good character or reputation, the commissioner may consider a person's arrests in determining suitability."

violations as follows: "LRS 26:90(A)13: Improper conduct, 2 counts;" "LRS 26:90(a)9: Unclean/Unsanitary conditions, 1 count;" and "La. RS. 26:91A(1) & 26:287A(8) – Permit Qualifications Not Met, 1 count." The Suspension Order imposed a 47-day suspension of Shenanigans' alcohol beverage permit, which was the deferred balance of the 60-day suspension as per the December 3, 2020 consent agreement.

Shenanigans filed a petition for a trial *de novo* of the Commissioner's ruling to the 24th Judicial District Court on March 8, 2021, as per La. R.S. 26:106(A).[5] Therein, Shenanigans requested that the ATC's suspension of its alcohol beverage permit be vacated. The petition also requested injunctive relief, as well as monetary damages for the alleged wrongful suspension of its alcohol beverage permit.[6]

A trial *de novo* was held in the district court on March 22, 2021. At the beginning of the trial, the parties agreed that the ATC had the burden of proof; accordingly, the ATC presented its case first, including the testimony of two witnesses. At the conclusion of presentation of the ATC's evidence, Shenanigans moved for an involuntary dismissal, arguing that the ATC had failed to bear its burden of proof that Shenanigans' alcohol beverage permit should have been suspended for COVID violations. The trial court agreed with Shenanigans' arguments and ruled from the bench, assigning oral reasons, granting Shenanigans' motion for involuntary dismissal, vacating the ATC's suspension of Shenanigans'

---

[5] La. R.S. 26:106(A) provides, in pertinent part: "Any party aggrieved by a decision of the commissioner to withhold, suspend, or revoke a permit or of the local authorities to withhold a permit may, within ten days of the notification of the decision, take a devolutive appeal to the district court having jurisdiction of the applicant's or permittee's place of business, proposed or actual as the case may be. Such appeals shall be filed in the district courts in the same manner as original suits are instituted therein. The appeals shall be tried de novo. Either party may amend and supplement his pleadings and additional witnesses may be called and heard. …"

[6] Shenanigans is permitted to combine its request for a trial *de novo* of the Commissioner's ruling with requests for additional relief such as injunctive relief. *Harvey v. State*, 14-0156 (La. App. 4 Cir. 12/16/15), 183 So.3d 684, 699, *writ denied*, 16-0105 (La. 3/4/16), 188 So.3d 1060.

alcohol beverage permit, and granting Shenanigans' request for a permanent injunction, prohibiting the ATC from enforcing COVID restrictions against Shenanigans prospectively. The trial court issued written reasons for judgment on April 5, 2021, adopting its oral reasons for judgment. A final written judgment was signed on April 15, 2021. Importantly, Shenanigans' request for monetary damages for wrongful suspension of its alcohol beverage permit, made in its petition for a trial *de novo*, was not addressed in the judgment or the reasons for judgment.

The ATC filed a motion for a suspensive appeal to this Court on March 31, 2021, as per La. R.S. 26:106(B),[7] which the trial court signed on April 5, 2021.[8]

## JURISDICTIONAL ISSUE

An appellate court has the duty to determine *sua sponte* whether subject matter jurisdiction exists, even if the parties do not raise the issue. *Jefferson Parish School Board v. TimBrian, L.L.C.*, 17-668 (La. App. 5 Cir. 3/28/18), 243 So.3d 749, 751; *Input/Output Marine Sys. v. Wilson Greatbatch Techs., Inc.*, 10-77 (La. App. 5 Cir. 10/29/10), 52 So.3d 909, 910.

When a judgment is silent as to a claim or demand that was litigated, it is presumed to be deemed denied by the trial court. *Cambre v. St. John the Baptist Parish,* 12-590 (La. App. 5 Cir. 5/16/13), 119 So.3d 73, 81, *writ denied*, 13-1415 (La. 10/11/13), 123 So.3d 1227, cited by *Cooper v. City of Kenner*, 19-383 (La. App. 5 Cir. 4/28/20), 296 So. 3d 1073, 1074. In the instant matter, while at the

---

[7] La. R.S. 26:106(B) provides: "Within ten calendar days of the signing of the judgment by the district court in any such appeal case, the commissioner or the applicant for a permit or permittee, as the case may be, may devolutively appeal the judgment to the appellate court of proper jurisdiction. These appeals shall be perfected in the manner provided for in civil cases and shall be devolutive only. If the district court determines that the decision of the commissioner or of the local authorities in withholding, suspending, or revoking the permit was in error, the decision of the commissioner or local authorities shall not be voided if the commissioner or local authorities take an appeal to the court of appeals in the time provided for suspensive appeals."

[8] In addition to the briefs filed by the parties to this proceeding, the Office of the Attorney General filed an *amicus curiae* brief to this Court.

beginning of the hearing Shenanigans introduced without objection three exhibits that presumably were to support its claim for monetary damages, Shenanigans moved for an involuntary dismissal after the ATC presented its case and witnesses, which was granted.

Upon review, we find that the judgment under review is a partial final judgment. Shenanigans' claim for monetary damages has not been litigated and remains unaddressed. Further, the trial court failed to designate this partial final judgment as immediately appealable after an express determination that there is no just reason for delay, as per La. C.C.P. art. 1915(B), which provides, in pertinent part:

> B.(1) When a court renders a partial judgment … as to one or more but less than all of the claims, demands, issues, or theories against a party, whether in an original demand, reconventional demand, cross-claim, third-party claim, or intervention, the judgment shall not constitute a final judgment *unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay*.
>
> (2) In the absence of such a determination and designation, any such order or decision shall not constitute a final judgment for the purpose of an immediate appeal and may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

(Emphasis added.)

"No appeal may be taken from a partial final judgment under Article 1915(B) until the judgment has been designated a final judgment under Article 1915(B)." La. C.C.P. art. 1911(B). In the absence of such a designation, a judgment shall not constitute a final judgment for purposes of an immediate appeal. *Richardson v. Capitol One, N.A.*, 18-240 (La. App. 5 Cir. 10/5/18), 258 So.3d 208, 211; La. C.C.P. art. 1915(B)(2). Nonetheless, a certification order

issued after a notice of appeal can cure jurisdictional defects in the appeal. *In re Interdiction of Gambino*, 20-312 (La. 6/3/20), 296 So.3d 1046.[9]

In light of the above, we find that the judgment on appeal is a partial final judgment not immediately appealable unless the trial court designates said judgment as a final judgment after an express determination that there is no just reason for delay. In the absence of such a determination and designation, this Court's appellate jurisdiction will not attach until all remaining claims have been litigated and reduced to a final judgment.

A court of appeal has plenary power to exercise supervisory jurisdiction over district courts and may do so at any time, according to the discretion of the court. *Ehlenberger v. Guardian Med. Grp., LLC*, 19-446 (La. App. 5 Cir. 5/29/20), 298 So.3d 375, 379, citing *Herlitz Const. Co., Inc. v. Hotel Inv'rs of New Iberia, Inc.*, 396 So.2d 878 (La. 1981). As such, we will exercise our supervisory jurisdiction and remand this matter to the trial court with instructions as set forth below.

## DECREE

For the foregoing reasons, we invoke our supervisory jurisdiction and remand this matter to the trial court **for a period of thirty days from the date of this interim opinion** in order for the trial court to make a determination as to whether to designate the judgment under review as a final judgment after an express determination that there is no just reason for delay. Such a determination and designation shall make this judgment immediately appealable under La. C.C.P. art. 1915(B). If such a determination and designation is made by the trial court, the record of this appeal shall be supplemented therewith within ten days of such determination and designation. In the absence of such a determination and

---

[9] In *Gambino*, the district court's order, issued prior to the finality of the dismissal of the appeal, designated the judgments under review as final under La. C.C.P. art. 1915(B). The order cured any jurisdictional defects in the appeal. *Id.* at 1046.

designation by the trial court within said thirty-day period, this appeal will be

dismissed for lack of jurisdiction.

**<u>REMANDED WITH INSTRUCTIONS</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **JANUARY 20, 2022** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 21-CA-304

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE DANYELLE M. TAYLOR (DISTRICT JUDGE)
JOSEPH J. LONG (APPELLEE)       JON FRANCIS CARMER, JR. (APPELLANT)       BENJAMIN W. WALLACE (AMICUS)
ELIZABETH B. MURRILL (AMICUS)

### MAILED
HEATHER M. ROYER (APPELLANT)        HONORABLE JEFFREY M. LANDRY
LINDA PHAM-KOKINOS (APPELLANT)      (AMICUS)
ATTORNEY AT LAW                     ATTORNEY GENERAL
7979 INDEPENDENCE BOULEVARD         LOUISIANA DEPARTMENT OF JUSTICE
SUITE 101                           1885 NORTH 3RD STREET
BATON ROUGE, LA 70806               6TH FLOOR, LIVINGSTON BUILDING
                                    BATON ROUGE, LA 70802