KIM S. TUMMINELLO AND TIM
TUMMINELLO, INDIVIDUALLY, AND ON
BEHALF OF SAVANNA TUMMINELLO

NO. 22-CA-17

FIFTH CIRCUIT

VERSUS

COURT OF APPEAL

REGEL L. BISSO

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 814-580, DIVISION "J"
HONORABLE STEPHEN C. GREFER, JUDGE PRESIDING

September 14, 2022

**MARC E. JOHNSON**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and Marc E. Johnson

**APPEAL DISMISSED;**
**REMANDED**
    **MEJ**
    **FHW**

**DISSENTS WITH REASONS**
    **SMC**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Alexis Barteet
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
KIM S. TUMMINELLO AND TIM TUMMINELLO, INDIVIDUALLY, AND ON
BEHALF OF SAVANNA TUMMINELLO
    Pierre F. Gremillion

COUNSEL FOR DEFENDANT/APPELLEE,
REGEL L. BISSO
    David S. Daly
    Elliot M. Lonker

**JOHNSON, J.**

Plaintiffs/Appellants, Kim S. Tumminello and Tim Tumminello, appeal the sustaining of the peremptory exception of peremption that dismissed their legal malpractice lawsuit in favor of Defendant/Appellee, Regel L. Bisso, from the 24th Judicial District Court, Division "J". For the following reasons, we dismiss the appeal without prejudice and remand the matter for further proceedings.

## FACTS AND PROCEDURAL HISTORY

On February 5, 2021, the Tumminellos filed a "Petition for Damages" against Regel Bisso. In their petition, the Tumminellos asserted that Mr. Bisso was their attorney of record from 2005 until 2020 for a medical malpractice action involving their child, Savanna Tumminello.[1] They alleged that Mr. Bisso committed legal malpractice by negligently failing to take the necessary steps to pursue their medical malpractice action and preserve their legal rights, which caused their action to be abandoned by operation of law.

On April 7, 2021, Mr. Bisso filed an answer and reconventional demand in response to the Tumminellos' petition. In his reconventional demand, Mr. Bisso alleged that the Tumminellos are indebted to him in the amount of $3,384.50, together with legal interest from the date of demand, reasonable attorney's fees, and all costs of the proceedings, for an outstanding legal fees balance. On the same date as the filing of the answer and reconventional demand, Mr. Bisso also filed a peremptory exception of peremption, asserting that the Tumminellos' petition was perempted pursuant to La. R.S. 9:5605. The Tumminellos answered the reconventional demand, and a hearing on the exception of peremption was set for August 9, 2021.

At the conclusion of the exception hearing, the trial court found that "it does

---

[1] *Kim S. Tumminello, et al. v. Columbia Lakeside Hospital, et al.*, 24th Judicial District Case No. 549-798, was dismissed on January 12, 2021 pursuant to an *ex parte* motion for dismissal on the grounds of abandonment.

not seem plausible to believe that [Mr. Bisso] took any actions to fraudulently conceal that malpractice" and sustained the exception of peremption. The trial court intentionally opted not to rule upon anything concerning the reconventional demand. A written judgment was rendered on August 25, 2021. The entirety of the judgment reads as follows:

> Considering the pleadings, the testimony of Regel L. Bisso, Kim Tumminello, Tim Tumminells, the argument of counsel, and for the reasons orally assigned, the Court enters the following judgment:
>
> **IT IS HEREBY ORDERED** that the Peremptory Exception of Peremption filed by defendant, REGEL L. BISSO, is GRANTED in its entirety, and plaintiffs' claims against defendant BISSO are dismissed, with prejudice, at plaintiffs' costs.
>
> **IT IS FURTHER ORDERED** that the Reconventional Demand filed by REGEL L. BISSO, in proper person, shall remain in full force and effect and is not being dismissed with the main demand.

The instant appeal by the Tumminellos followed that judgment.

Lack of Appellate Jurisdiction

In the case at bar, the trial court rendered a judgment that resolved the demands of the Tumminellos' petition by dismissing the claims with prejudice. However, the claims set forth in Mr. Bisso's reconventional demand were purposefully not considered or decided by the trial court at that time.

Pursuant to La. C.C.P. art. 1915(B),

(1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories against a party, whether in an original demand, reconventional demand, cross-claim, third-party claim, or intervention, *the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay*.

(2) In the absence of such a determination and designation, *any such order or decision shall not constitute a final judgment for the purpose of an immediate appeal* and may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

(Emphasis added).

The judgment in this matter does not adjudicate the claims of all the parties involved because it only disposes of the Tumminellos' claims in their original petition. The judgment does not dispose of Mr. Bisso's reconventional demand. Further, there was no expressed determination that there is no just reason for delay, as required by La. C.C.P. art. 1915(B)(1).[2] Thus, the judgment before us is not a final appealable judgment. (*See*, *Holmes v. Paul*, 18-140 (La. App. 5 Cir. 8/29/18), 254 So.3d 825, 828, where this Court held that a judgment on the determination of a principal demand between parties that does not consider or dispose of a reconventional demand between the same parties is not a final, appealable judgment under La. C.C.P. art. 1915(A) and must be designated as a final judgment pursuant to La. C.C.P. art. 1915(B).). Accordingly, we dismiss the appeal without prejudice. *See*, *Bazile v. Zetzmann*, 21-149, pp. 2-3 (La. App. 5 Cir. 11/24/21), --- So.3d ----, 2021WL5831327; *see also*, *City of Gretna v. Morice*, 13-85 (La. App. 5 Cir. 10/30/13), 128 So.3d 468, 470-71.

## DECREE

For the foregoing reasons, this appeal is dismissed without prejudice and remanded to the trial court for further proceedings.

**APPEAL DISMISSED;**
**REMANDED**

---

[2] We recognize that La. C.C.P. art. 2088(A)(11) allows the trial court to certify a partial judgment, in accordance with La. C.C.P. art. 1915(B), after a motion for appeal has been granted. However, there was no certification of the partial judgment rendered and supplemented into the instant appellate record.

KIM S. TUMMINELLO AND TIM
TUMMINELLO, INDIVIDUALLY, AND
ON BEHALF OF SAVANNA
TUMMINELLO

VERSUS

REGEL L. BISSO

NO. 22-CA-17

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

## CHEHARDY, J., DISSENTS WITH REASONS

I agree with the majority that the judgment under review is not final judgment under La. C.C.P. art. 1915(B). However, rather than dismiss the instant appeal, I would issue this disposition as an interim opinion and remand the case to the trial court with instructions. Specially, "[i]n the interest of justice and judicial economy," I would remand the matter for a period of thirty days therefrom to make a determination as to whether to designate the judgment under review as a final judgment after an express determination that there is no just reason for delay. *See In re Interdiction of Gambino*, 20-00312 (La. 6/3/20), 296 So.3d 1046 (*per curiam*); *Rizzo v. Louisiana Office of Alcohol and Tobacco Control*, 21-304 (La. App. 5 Cir. 1/20/22) -- So.3d --, 2022 WL 178620, *6; *see also* La. C.C.P. art. 2088(A)(11) (which, according to 2021 Comment (b), specifically codified the Louisiana Supreme Court's decision in *Gambino*, *supra*). Such a determination by the trial court would make this judgment immediately appealable under La. C.C.P. art. 1915(B). In the event the trial court makes such a determination and designation, appellant would then be given ten days to supplement the record with the trial court's determination and designation. *Rizzo*, 2022 WL 178620 at *6. In the absence of such a determination and designation by the trial court within the thirty-day period, this appeal would be dismissed for lack of jurisdiction at that time.

The cases relied upon the majority as authority to dismiss this appeal were decided prior to the Legislature's 2021 amendment to La. C.C.P. art. 2088(A)(11)—which specifically states that the trial court retains jurisdiction in a case wherein an order of appeal has been granted and an appeal bond timely filed to "[c]ertify a partial judgment or partial summary judgment in accordance with Article 1915(B)." Additionally, I find the most recent pronouncement by this Court in *Rizzo*, *supra*, which addressed a partial judgment similar to the judgment under review in the instant case, controls the outcome herein.

Accordingly, I would issue this opinion as an interim opinion and remand the matter to the trial court with instructions as outlined above.

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
INTERIM CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**SEPTEMBER 14, 2022** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL
PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 22-CA-17

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE STEPHEN C. GREFER (DISTRICT JUDGE)
PIERRE F. GREMILLION (APPELLANT)      DAVID S. DALY (APPELLEE)          ELLIOT M. LONKER (APPELLEE)

**MAILED**
NO ATTORNEYS WERE MAILED